## CONSTRUCTION OF COUNTY BRIDGES UNDER THE EMERGENCY STATUTE.

Court of Appeals for Tuscarawas County.

S. A. SWANSON ET AL v. BOARD OF COUNTY COMMISSIONERS OF TUSCARAWAS COUNTY, OHIO, ET AL.

Decided, June 11, 1915.

*County Commissioners—Power of, to Construct a New Bridge in Case of an Emergency—Approval of the Prosecuting Attorney—Notice Not Required—Pleading in an Action Involving the Contract.*

1. In an action involving the contract for the building of a county bridge under the emergency statute, an allegation that the prosecuting attorney approved in writing the form and correctness of the contract as entered into by the county commissioners, is a sufficient compliance with the requirement of Section 2356, General Code, having reference to contracts exceeding $1,000.
2. The provisions for notice of an intended purchase or improvement, found in Section 2444, do not apply to the construction of a new bridge in case of a casualty requiring prompt action.
3. A petition drawn under favor of Section 5638, involving the replacing of a county bridge at a cost exceeding $18,000 without a vote of the electors, is not open to demurrer for indefiniteness of statement as to whether the new bridge is to occupy the site of the old one. An objection of that character can only be reached by motion.

*Lynch & Day, D. A. Hollingsworth* and *J. F. Greene,* for plaintiffs in error.

*W. V. Wright* and *E. E. Lindsay,* contra.

HOUCK, J.; POWELL, J., concurs; SHIELDS, J., dissents.

This cause is here on error to the common pleas court of this county.

The court below sustained a general demurrer to the petition of plaintiffs in error, the plaintiffs below, and judgment was rendered against plaintiffs in error for the costs, and error is

now prosecuted to this court to reverse the judgment of the common pleas court in sustaining said demurrer.

The right is claimed, by plaintiffs, to maintain their action and their petition is drawn under favor of Section 5638, *et seq.* of the General Code of Ohio which provides for the construction of a bridge in a case of casualty, at a cost exceeding $18,000, without a vote of the electors, when *"an important bridge belonging to or maintained by any county becomes dangerous to public travel, by decay or otherwise and is condemned for public travel by the commissioners of said county, and the repairs thereof, or the building of a new bridge in place thereof, is deemed by them necessary for the public accommodation, the commissioners, without first submitting the question to the voters of the county."* * * *

Counsel for defendants, rely upon three grounds in support of the demurrer, to-wit:

1. That the contract, between plaintiffs and defendants, was not approved by the prosecuting attorney, as required by law.

2. Failure to publish notice of intention to erect bridge.

3. That the averment in the petition "that the contract provided for the construction of a new bridge to be built *at or not far distant from the point where the old bridge stood"*—is not sufficient, and does not comply with the sections of the General Code hereinbefore referred to.

We have given each and all of the grounds of the demurrer careful consideration, and as to the first, we are of the opinion that the allegation in the petition—*"that the prosecuting attorney of the county also in writing approved the form and correctness of the contract"* is a compliance with the requirements of Section 2356 of the General Code, which provides:

"Before work is done or material furnished all contracts that exceed one thousand dollars in amount shall be submitted by the commissioners to the prosecuting attorney of the county. If found by him to be in accordance with the provisions of this chapter and his certificate to that effect is indorsed thereon, such contract shall have full force and effect, otherwise they shall be null and void."

The second ground of the demurrer attacks the validity of the petition, for the reason, that Section 2444 of the General Code was not complied with. This section of the code provides:

"Before the county commissioners purchase lands, or erect a building or bridge, the expense of which exceeds one thousand dollars, they shall publish and circulate handbills and publish in one or more newspapers of the county, notice of their intention to make such purchase, erect such building or bridge, and the location thereof, for at least four consecutive weeks prior to the time that such purchase, building, or location is made. They shall hear all petitions for, and remonstrances against, such proposed purchase, location or improvement."

Statutes are construed according to their intent and meaning.

The petition, in this case, was drawn under favor of Section 5638 *et seq.* of the General Code, which provides for the construction of new bridges in case of casualty. It is a special statute and to be used on special occasions, and was enacted by the Legislature to cover particular cases as they might occur, and which needed *prompt* action on the part of the county commissioners, and for which other statutes did not provide.

Giving to Section 5638 *et seq.* that fair and liberal interpretation that the Legislature certainly intended they should have, and for the purposes for which they were enacted, we are unable to see where Section 2444 of the General Code has any application to the case at bar, and therefore are of the opinion that this branch of the demurrer is not well taken.

Coming now to the third branch of the demurrer, which is the real problem to be solved, will say that it is a question of importance and has caused us much study of the numerous authorities cited by counsel, as well as an exhaustive research on the part of the court of other authorities.

Counsel for the demurrer, in their brief, contend that the commissioners have no right to contract for a bridge to be constructed at a point—"not far from the old bridge," but they do not say anything concerning the word "at," which precedes the above language and is followed by the word "or." The language in

the petition is "at or not far from the point where the old bridge stood."

Would it not be just as reasonable to say that the bridge was to be built *at* the place where the old bridge stood? How can a court relying wholly and entirely upon the language used infer that the bridge is or will be constructed not far from the *point* where the old bridge stood? Has not the court the same right to rely upon the word *at* and say that the bridge will be built *at* the point where the old bridge stood?

The court in passing upon the demurrer has no right to go outside of the petition for information, but must rely wholly and entirely upon the language used in the petition.

The demurrer challenges the language of the petition as not being sufficient in law, but must and does admit all the allegations to be true.

Can it be properly claimed from the language used that the contract does not provide that the new bridge *can* be built at a point where the old bridge stood? We think not. And if this be true then the petition is good as against a general demurrer.

If the defendants did not know, or could not ascertain from the language used in the petition, whether the new bridge was to be built at a point *where* the old bridge stood, or not far from the point where the old bridge stood, then it was their privilege to file a motion, asking that the petition be made definite and certain in this particular.

The most that can be claimed for the language used, is that it is indefinite; if so, then the objection should have been raised by motion and not demurrer.

The sufficiency of pleadings under the code, as to certainty, precision, definiteness and consistency of allegation, and indeed in respect of every other variety of defect of allegations which does not amount to such an absolute omission of fact as to constitute no ground of action or defense, must be taken advantage of or objected to by motion under the provision of the code, and can afford no ground for demurrer.

The demurrer admits all that is expressly alleged and properly set forth in the petition, and also whatever can, by a fair

and reasonable intendment, be implied from the allegations of fact contained therein.

Taking this view of it, and upon the whole case, a majority of the court is of the opinion that the common pleas court erred in sustaining the demurrer, and the judgment below is reversed, and the cause remanded to the court of common pleas with direction to overrule the demurrer to the petition, and for further proceedings according to law.

## TIME LIMIT FOR FILING A BILL OF EXCEPTIONS.