EMERINE v. BELPASH et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1761. Decided Nov. 1, 1926

·27. ACTIONS—In an action to recover money lost in unlawful transactions, suit may be brought against any one or all of the persons involved. in the transaction.

**RICHARDS, J.**

This action was instituted in the Lucas Common Pleas by Edna Emerine as the wife of Frank Emerine to recover $2675, alleged to have been lost in gambling and $500 for exemplary damages. The defendants in the case are Walter Belpash, Thomas Worland, the C. E. S. Realty Co. and several others.

It was claimed that the defendants were keepers of a certain place in Toledo used for gaming and gambling purposes and that from Feb. 1, 1922 to Jan. 13, 1923 the said Frank Emreine expended and paid the sum of $2675 to four of the defendants.

It was further alleged that the real estate upon which the building is located is owned by the C. E. S. Realty Co. and it was the owner thereof on the dates mentioned and knowingly permitted the premises to be used for gambling purposes. It was further stated that Mrs. Emerine brought an action against defendant in 1923, for recovery of the amount stated and that she failed in that action otherwise than upon the merits of her cause, and that upon demurrer, same was dismissed.

A second amended petition was filed but the lower court sustained demurrers thereto and the pleading was held insufficient and the action dismissed. Error was prosecuted and the Court of Appeals held:

1. The second amended petition sets forth a good cause of action.

2. In order to escape the apparent bar of the statute of limitations the pleading contains an averment relative to the filing of an earlier petition in which Mrs. Emerine failed otherwise than upon the merits. (See McGill v. Worland, 4 Abs. 630.)

3. The plaintiff having failed in her first action otherwise than upon the merits on July 17, 1925; the petition in the present case having been filed Sept. 24, 1925; and the second amended petition filed on April 15, 1926 both of which dates are within a year after July 17, 1925, the present action comes within the saving clause of the statute.

4. It is urged that the action should be dismissed because of a defect of parties defendant. In an action to recover money lost in unlawful transactions, suit may well be brought against any one or all of the persons involved in the transaction. 19 OS. 55.

Judgment reversed and cause remanded.

(Williams & Young, JJ., concur.)

**Attorneys**—Fritsche, Kruse & Winchester for Emerine; D. J. O'Rourke and Lawton & Saalfield for Belpash et; all of Toledo.