**VIRGINIAN JOINT STOCK LANK BANK v NULL et**

Ohio Appeals, 2nd Dist, Darke Co

No 500.   Decided May 19, 1936

Floyd D. Smith, Greenville, for plaintiff in error.

Jesse K. Brumbaugh, Greenville, for defendant in error.

## OPINION

By BODEY, J.

It is this final order of sustaining the demurrer and dismissing the supplemental petition which plaintiff seeks to reverse in this proceeding.

Counsel for the defendant, The Farmers National Bank of Greenville, Ohio, contends that the record of this case discloses that plaintiff, with a full knowledge of the relationship existing between Conrad Kipp and said Bank, prosecuted its action to final judgment against Conrad Kipp, that thereby it made its choice and election to pursue the agent rather than the principal and that its cause of action does not now lie against the principal. Such contention, if properly presented, is not without merit. However, the court may not go beyond the language of the particular pleading before it when it considers a demurrer filed thereto. The rule is stated in 31 O. J., 702, §143. We quote from that authority:

"A demurrer to a petition attacks it for defects appearing on its face; where it attacks the petition on the ground that it does not state a cause of action, it raises the question whether, assuming that the facts pleaded are true, they are sufficient in law to show a cause of action in favor of the plaintiff against the defendant. The court in passing upon the demurrer has

no right to go outside of the petition for information, but must rely wholly and entirely upon the language used therein."

In this supplemental petition the plaintiff incorporated all of the allegations of its original petition. Although this procedure is severely criticized by some courts, it is our view that such action is authorized by the provisions of §11331 GC. This section is as follows:

"Neither presumptions of law, nor matters of which judicial notice is taken, need be stated in a pleading, but statements in one part of a pleading may be incorporated into another by reference to and adoption therein. In like manner, any part of another pleading, and a copy or exhibit once embodied in or attached to a pleading, may be referred to and adopted in a subsequent pleading in the same cause."

In passing upon this demurrer, therefore, the Common Pleas Court had before it not only the supplemental petition but the original as well. An examination of these two pleadings does not disclose the fact that the plaintiff proceeded to final judgment against the estate of Conrad Kipp after it had acquired full knowledge of the fact that Conrad Kipp was agent in the transaction in question and The Farmers National Bank of Greenville, Ohio, was principal. In its supplement, the plaintiff avers that it has learned of such agency since the filing of the petition. Later on in this supplemental pleading the plaintiff alleges that an order of foreclosure was obtained and that a deficiency judgment was rendered against Kipp, but at no place in the Supplement does the plaintiff set forth the time when it acquired its knowledge of the agency with reference to the rendition of said judgment. As this supplemental petition is drawn, the court is unable to say when such knowledge was acquired. Since the demurrer admits that Conrad Kipp 'was acting as agent for The Farmers National Bank of Greenville, Ohio' in the transaction, that he 'was acting for and on their behalf' and 'that said Bank was the undisclosed principal,' and since this court is not permitted to go outside of the supplemental petition and the original petition in search of facts established by the record, which might contradict or amplify these allegations, it follows that in our judgment the demurrer should have been overruled if the pleading to which it was filed was a proper one.

Counsel for the defendant effectively argues that a supplemental petition may not be filed after final judgment has been rendered on the original petition. This is a recognized principle and this court is in accord with the pronouncement to that effect which is found in the case of **Bullock v Kilgore, 39 Oh St, 543.** However, there is another principle, equally well recognized, to the effect that the style given to a pleading by its author does not control. If the pleading filed would authorize the award of relief to the party filing the same, it is the court's duty to give regard to that pleading, irrespective of its style or designation. This question was determined many years ago by the Supreme Court in the case of **City of Cincinnati v Cameron, 33 Oh St, 336.** The first syllabus of that case reads thus:

"The character of a pleading is determined by the averments it contains and not by the name given to it, and if a paper styled 'supplemental petition' contains facts such as would be proper in an amended petition, it may be so treated, and it is within the discretion of the court to allow such a pleading to be filed during the progress of a cause."

An amended petition may be filed at any time, even after judgment, in the furtherance of justice. It seems to us that the facts set forth in this so-called supplemental petition are facts which should have been alleged by way of amended petition, and that the trial court should have construed this pleading as an amended petition. When so considered it is our judgment that the same states a good cause of action. Whether or not the plaintiff is entitled to judgment against The Farmers National Bank of Greenville, Ohio, as the undisclosed principal of Conrad Kipp may only be determined when the facts shown by an answer or the evidence surrounding the transaction are properly presented.

In our judgment the trial court erred in sustaining the demurrer to this pleading, styled supplemental petition, and in dismissing the same at plaintiff's costs. This error was prejudicial to the plaintiff and the cause must be reversed and remanded to the Court of Common Pleas with instructions to overrule said demurrer. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.