DESPER, APPELLANT, *v.* LEITER, APPELLEE.

(No. 5031—Decided June 17, 1957.)

*Messrs. Conn & Strickling*, for appellant.

*Mr. Charles T. Lawton* and *Mr. William D. Driscoll*, for appellee.

FESS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's petition after sustaining a demurrer thereto.

Plaintiff brought her action against the defendant for assault and battery, in which she alleged, *inter alia*:

"Plaintiff previously commenced the within cause of action by virtue of a petition filed in the within court on February 11, 1955, * * * upon which service of process was duly effected upon defendant. Said prior action failed other than upon the merits by virtue of an order of the within court, duly excepted to by plaintiff, which sustained in part this defendant's motion to make said prior petition definite and certain, the court ordering stricken those allegations therein contained which set forth the cause of action herein pleaded; said order was journalized on June 22, 1956. The within action is commenced within one year after said failure other than upon the merits, pursuant to Ohio Revised Code Section 2305.19.'"[1]

---

[1] In *Emerine* v. *Belpash*, 23 Ohio App., 311 (*Belpash* v. *Emerine*, 119 Ohio St., 226), the plaintiff merely alleged generally that the prior action had failed otherwise than upon the merits.

To this petition, defendant demurred on the ground that the cause of action stated in the petition is barred by the statute of limitations, or, alternatively, that the cause is *res judicata.* The demurrer was sustained upon both grounds.

It is elementary that "the allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties." Section 2309.40, Revised Code. Hence, the courts of Ohio have frequently declared in a variety of ways that pleadings must be construed liberally in favor of the pleader to promote and facilitate the statement of a cause of action or defense. *Sessions, Trustee,* v. *Skelton,* 163 Ohio St., 409, 418, 127 N. E. (2d), 378.

The Code is express and positive in its declaration that only facts which appear upon the face of the petition can be challenged by demurrer. Section 2309.08, Revised Code. Therefore, defects not appearing on the face of the petition must be challenged by answer. *Sterling* v. *Hanley Motor Sales, Inc.,* 87 Ohio App., 362, 95 N. E. (2d), 273.

In sustaining the demurrer, it is apparent that the court proceeded dehors the allegations of the petition incident to finding that there was not a failure otherwise than upon the merits in the former action and also in finding that the action was barred by *res judicata.*

The judgment of the Court of Common Pleas is reversed, and the cause is remanded thereto for further proceedings according to law.

*Judgment reversed.*

DEEDS and SMITH, JJ., concur.