*Judgment reversed and final judgment for appellants.*

HURD, P. J., and KOVACHY, J., concur.

HAUER, APPELLANT, *v.* THE PROVIDENT SAVINGS BANK & TRUST COMPANY, TRUSTEE, ET AL., APPELLEES.

(No. 8682—Decided December 28, 1959.)

*Messrs. Freiden, Wolf & Hoy,* for appellant.

*Messrs. Clark, Robinson & Hellebush,* for appellees, The Provident Savings Bank & Trust Company, executor, and The Provident Savings Bank & Trust Company, trustee.

*Mr. Harold M. Baron, Mr. Harris K. Weston,* and *Mr. Gordon J. Wolf,* for appellee, The Jewish Hospital Association of Cincinnati.

O'CONNELL, J. The facts in this case disclose that Jennie Long died testate on June 25, 1958; that her will of January 31, 1958, was presented for probate in the Probate Court of Hamilton County, Ohio, on July 3, 1958, and admitted to probate on August 22, 1958, as the last will and testament of the said Jennie Long, deceased; that on the same day appellee The Provident Savings Bank & Trust Company was appointed executor and qualified as such; and that Item II of the will provided:

"All the rest, residue and remainder of my estate, which I may own or have the right to dispose of at the time of my decease, whether the same be real, personal or mixed, and wheresoever situated, I give, devise and bequeath to The Provident Savings Bank & Trust Company, of Cincinnati, Ohio, as trustee for the following uses and purposes:

"Said trustee shall pay the income from said trust in quarterly installments equally to my four brothers and sisters, name-

ly: Oscar Hauer, Celia Warwick, Abe Hauer, and Lillian Mann; said income to be paid to each of them so long as they shall live. In the event any of them shall predecease me, then I direct that the income share of the trust which would have gone to the deceased brother or sister shall be paid to the issue of said deceased brother or sister per stirpes. In the event that any of my above mentioned brothers or sisters shall predecease me without leaving issue, the income from this trust shall be divided equally between the surviving brothers and sisters. Upon the death of any of my brothers or sisters while taking the income from this trust, the share of said deceased brother or sister shall be paid to the issue of the then deceased brother or sister per stirpes, provided, however, that in the event one or more of my said brothers or sisters shall die while receiving the income from this trust, and without issue, the share of the said brother or sister shall be paid per stirpes to the other persons then receiving the income from this trust.

"Within six (6) months after the death of all of my brothers and sisters, and after the death of their surviving issue, if any, then the trustee above mentioned shall pay over to the Jewish Hospital of Cincinnati, Ohio and the Children's Home of Cincinnati, Ohio, 5054 Madison Road, Cincinnati 27, Ohio, in equal shares, all of the corpus and income remaining in the trust.

"I direct that the trustee in its own discretion shall make a reasonable effort to locate any of my brothers or sisters or issue thereof as named in this trust, and I direct further that should the trustee, after reasonable effort, fail to locate any of my said brothers, or sisters, or their issue, or should my said brothers or sisters, or their issue, fail to contact said trustee within one (1) years after date of my death, then my trustee shall be relieved from liability for the failure to pay to said brothers or sisters or their issue any income from this trust. Payments of income are to be made to said brothers and sisters, or issue thereof, when their presence becomes known to the trustee."

On February 17, 1959, within less than six months after the last will and testament had been admitted to probate, Sidney R. Hauer, a nephew of the decedent filed his petition in the Court of Common Pleas of Hamilton County, Ohio (Case No.

A 168784), to contest the will as admitted to probate, against The Provident Savings Bank & Trust Company, as executor and as trustee, Oscar Hauer, Celia Warwick (a.k.a. Celia Wernick), Abe Hauer, Lillian Mann, The Jewish Hospital Association, The Children's Home of Cincinnati, Ohio, and Clara Mann, as legatees under the last will and testament, together with Hyman Leo Hauer, an heir-at-law of the decedent.

Thereafter, the appellees demurred because they alleged that there was a defect of parties defendant, in that all the devisees, legatees, and heirs of the testatrix and other interested persons were not made parties to the action. On March 27, 1959, arguments were heard on the demurrer; on April 17, 1959, the appellant filed a motion to name the issue of Oscar Hauer, Celia Warwick (a.k.a. Celia Wernick), Abe Hauer and Lillian Mann as new parties defendant to the action, which motion was never ruled upon by the court; and on June 26, 1959, the court sustained the demurrer and dismissed the petition. It is from that judgment of the trial court that this case is now before this court on appeal.

In this demurrer, as in the case of all demurrers, the question to be decided is whether or not this petition on its face states a cause of action. Since no evidence could be introduced upon demurrer, there was before the trial court only the petition and the demurrer.

Demurrers are applicable only to defects apparent on the face of the petition. And in 41 American Jurisprudence, 438, Section 207, we find this language: "* * * for the purpose of the hearing on the demurrer, the facts pleaded must be taken as true." Also, in the same volume, at page 439, there is the following: "* * * as usually expressed, a demurrer lies only when the defect or objection asserted as the ground of demurrer is apparent upon the face of the pleading attacked." However, as it was said (in part) in the third paragraph of the syllabus of *Sturges* v. *Burton*, 8 Ohio St., 215, 72 Am. Dec., 582: "Where it appears, on the face of the petition, that the cause of action accrued at such a period that, under the statute of limitations, no action can be brought, the defendant may demur to the petition, on the ground that the petition does not state facts sufficient to constitute a cause of action." Defects not appearing

on the face of the petition must be challenged by answer. 31 Ohio Jurisprudence, 680, Section 119. This is the ruling in *Hartzell* v. *Warren*, 11 C. C., 269, 5 C. D., 183, as appears from the third and fourth paragraphs of the syllabus of that case:

"3. Want of legal capacity in the plaintiffs to bring the action, can be raised by demurrer only when the incapacity appears on the face of the petition; and, in an appeal case, the court cannot look to the transcript of the justice for evidence of facts in support of such a demurrer. *McCullough* v. *Cramblett*, 1 C. C. R., 330, overruled.

"4. It is not necessary, however, for the plaintiffs to allege in their petition, that they have complied with the requirements of said act before the bringing of the suit, and a demurrer will not lie to the petition for want of such averment. That is a matter of defense to be taken advantage of by answer."

In the case before this court, the court apparently decided the matter after hearing arguments that touched matters requiring proof by the introduction of evidence. But in the words of 31 Ohio Jurisprudence, 702, Section 143, "the court in passing upon the demurrer has no right to go outside of the petition for information, but must rely wholly and entirely upon the language used therein." This quotation has been copied from the decision of the court in *Swanson* v. *Board of County Commrs. of Tuscarawas County*, 4 Ohio App., 437, at page 441. Therefore, the court would have no right to go to the will, which was probated in this case, for information as was suggested in his argument before this court by counsel for appellee.

In the case before this court, the defect is not apparent on the face of the petition, and it would have to be established by evidence. Such procedure would require a pleading other than that of a demurrer. So, in the syllabus of *Slocum* v. *McBride & Lord*, 17 Ohio, 607, it was held: "A court cannot take notice of a misnomer upon a demurrer but only when the fact is properly put in issue, and proved or admitted." In the words of 31 Ohio Jurisprudence, 661, Section 102, "A demurrer * * * is substantially an answer raising an issue of law." And we might add that it thus is not concerned with facts (such as were the subject of argument in the trial court). Or, as 31 Ohio Jurisprudence puts it on page 663, Section 103: "The admission aris-

ing from the demurrer is not to be regarded as evidence or as the equivalent to evidence. It merely denies the legal sufficiency of the facts alleged; such facts are admitted solely for the purpose of testing their sufficiency in law.''

The appellee assigns as grounds of demurrer a ''defect of parties defendant in that all the devisees, legatees and heirs of the testatrix and other interested persons are not made parties to this action.''

However, in *Neil* v. *Board of Trustees of Ohio Agricultural & Mechanical College*, 31 Ohio St., 15, in the second paragraph of the syllabus it is said that ''A demurrer to a petition on the ground that there is a defect of parties defendant, will lie, only where it appears from the face of the petition that necessary parties defendant are wanting.'' Now in the present case how can this rule be said to apply?

Likewise in *Gaines* v. *S. Therman & Co.*, 8 N. P. (N. S.), 521, 20 O. D., 95, it was held that: ''An allegation appearing in a demurrer but not in the petition and to the effect that one of the defendants has departed this life since the filing of the petition can not be considered at the hearing on the demurrer.'' How applicable to the present case, in which it was argued that some of the necessary parties had not been included among the defendants!

Now it might be asked under what circumstances a demurrer would lie because of a defect of parties. When would it be apparent on the face of the petition that there is a defect of parties?

The case of *Lungard* v. *Bertram*, 86 Ohio App., 392, 88 N. E. (2d), 308, serves as an illustration of a defect of parties apparent on the face of the petition. The facts in that case disclose that the plaintiff sued two defendants, who then filed separate answers. An amended answer having been filed by the defendant Harvey P. Bertram Company, the plaintiff, by motion, dismissed this defendant. The claim of the appellant was that since the allegations of the petition showed a joint liability, the voluntary dismissal of one of the defendants rendered the petition fatally defective against the other. In his opinion, Judge Matthews said that ''assuming, however, that the petition avers an account stated with the two original defendants jointly, the

only effect of the dismissal of one would be to produce a defect of parties.  * * * Section 11309, General Code [Section 2309.08, Revised Code], provides that if such defect appears upon the face of the petition it is ground for demurrer." It is easy to understand that in that case (assuming that the allegations of the petition showed a joint liability) the defect of parties is apparent on the face of the petition; both the joint liability of the defendants and the voluntary removal of one of the defendants, jointly liable, are thus apparent.  So, paragraphs two and three of the syllabus read as follows:

"2. If the petition should be construed as stating a joint obligation, the only effect of the dismissal of one joint obligor was to create a defect of parties.

"3. A demurrer is the proper method of objecting to a defect of parties.  The sustaining of a demurrer does not produce a dismissal of the action."

Also, these facts (in a hypothetical case) would create a state of affairs which would result in there being a defect of parties which would fulfill the requirements of the law in the matter: a petition in which it was alleged that two parties were the makers of a promissory note, but a petition in which only one of the makers of the note was named as defendant.

It will be observed that it is stated in the third paragraph of the syllabus in *Lungard* v. *Bertram, supra,* that "the sustaining of a demurrer does not produce a dismissal of the action." And still, in the instant case, the court dismissed the action after sustaining the demurrer.

Thus the court's sustaining the demurrer and the subsequent dismissal are both contrary to law. . Or, to put the matter in different language, the granting of the demurrer was contrary to law because the defect of parties was not apparent on the face of the petition; the dismissal which was based on an erroneous conclusion was equally contrary to law.

Therefore, the judgment of the Court of Common Pleas of Hamilton County is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

MATTHEWS, P. J., and LONG, J., concur.