KIESTER ET AL., APPELLANTS, *v.* EHLER ET AL., APPELLEES.

[Cite as Kiester v. Ehler, 9 Ohio App. 2d 52.]

(No. 793—Decided February 7, 1964.)

*Messrs. Young, Pryor, Lynn, Strickland & Falke,* for appellants.

*Messrs. Goubeaux & Goubeaux,* for appellees.

KERNS, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Darke County dismissing the plaintiffs' amended petition after sustaining a demurrer thereto, and finding further that the amended petition was not susceptible of amendment to state a cause of action.

At the outset, and in view of arguments which suggest otherwise, it should be pointed out that the only question pre-

sented in this appeal is one of pleading, *i. e.*, whether the plaintiffs' amended petition states a cause of action. For this reason, the amended petition will be set forth in its entirety:

"Now comes Benjamin F. Kiester III and Carolyn Jean Kutz, the petitioners herein, and say that they are united in action as plaintiffs in these proceedings.

"Plaintiffs say that they have a legal estate in and are entitled to possession to the following described property:

"* * * [Description of property.]

"Plaintiffs further say that the defendants unlawfully keep plaintiffs out of possession of such real property.

"Plaintiffs say that they derive their title by being the only two grandchildren of Benjamin F. Kiester, who was the owner of the aforesaid described premises at the time of his death on August 21, 1922; that said Benjamin F. Kiester died testate; that the last will and testament of said Benjamin F. Kiester was admitted to probate by the Probate Court of Montgomery County, Ohio on the 29th day of August, 1922; that said last will and testament was construed by the Court of Common Pleas for Montgomery County, on the 12th day of June, 1957 as more fully set forth in case numbered 111245 on the dockets of said court; that said court found that due to the death of the only son of Benjamin F. Kiester, namely Benjamin F. Kiester, Jr., before the death of his mother, Lulu Kiester the surviving spouse of the testator, and being survived by Benjamin F. Kiester III and Carolyn Jean Kutz, his issue and these plaintiffs herein; that said issue, these plaintiffs, had vested an indefeasible title to all the property and estate of Benjamin F. Kiester, subject to a life estate with the power to sell one-half being vested in the surviving spouse, Lula Kiester.

"Plaintiffs further say that Lula Kiester died in February, 1959 and that she never exercised her power to sell her interest therein.

"Defendant, Prudential Life Insurance Company of America may claim some interest in said premises by reason of a certain mortgage recorded in Mortgage Book 220, page 465 of the Mortgage Records of Darke County, Ohio.

"WHEREFORE, plaintiffs pray for judgment of possession of said real property and for such other legal and equitable

relief as may be found necessary and proper and for recovery of their costs herein.''

Section 5303.03, Revised Code, which provides what a petition in an action for the recovery of real property should contain, is as follows:

''In an action for the recovery of real property, it is sufficient if the plaintiff states in his petition that he has a legal estate therein and is entitled to the possession thereof, describing it with such certainty as to identify the property, and that the defendant unlawfully keeps him out of the possession. It is not necessary to state how the plaintiff's estate or ownership is derived.''

The plaintiffs' amended petition appears to have been drafted in complete view of the above statute. But the defendants contend that the trial court properly considered a copy of a will, as well as two previous adjudications construing said will, in determining the sufficiency of the amended petition.

In our opinion, the validity of this contention is open to question for a number of reasons. In the first place, the will, which was annexed to the plaintiffs' pleading upon order of court, has no legal significance in determining whether the allegations of the amended petition are sufficient. The sufficiency of a pleading must be determined by its own allegations, unaided by attached exhibits. See *Lion Secor Real Estate Co., Inc.*, v. *Westgate Village Shopping Center, Inc.*, 117 Ohio App. 96, where paragraphs one and two of the syllabus state:

''1. Under the Ohio Code of Civil Procedure the only authority for attaching copies of instruments to pleadings in civil actions is found in Section 2309.31, Revised Code, in an action founded on an account or a written instrument as evidence of indebtedness, and copies of instruments other than those embraced in that section should be stricken.

''2. Copies of instruments attached to pleadings as exhibits do not and cannot become a part of the pleadings, even though it be stated therein, or to aid them when attacked by demurrer because of their insufficiency, unless the action is one embraced in the provisions of Section 2309.31, Revised Code. Nor, on the other hand, can an exhibit be looked at to modify or defeat the effect of such averments as may be included in the pleading.

Therefore, the sufficiency of a pleading must be determined by its own allegations, unaided by the exhibit.''

But even if the trial court was permitted to consider the will, it is no more than evidence of ownership and does not conclusively refute the clear allegations of the amended petition. Although the face of a will might suggest the ownership of property, it is also true that the same property may have been alienated long before the will ever spoke. And even after the death of a testator, the facial expression of a will is subject to distortion by a surviving spouse's election or a successful contest thereof. The will, therefore, did not alter the status of the amended petition.

The previous adjudications construing the will, which apparently were also relied upon to sustain the demurrer, were likewise beyond the scope of the inquiry raised by the pleadings. In ruling on a demurrer, a court must confine itself to the facts alleged and may not consider extraneous matter which is not properly a part of the record.

In the case of *Sterling* v. *Hanley Motor Sales, Inc.*, 87 Ohio App. 362, the court said:

''The principle that a demurrer searches the record relates only to the pleadings and does not contemplate consideration of matters which may otherwise come into the record.''

Or as stated in *Schubeler, an Infant,* v. *Lilly*, 23 Ohio App. 481:

''Demurrer does not search court records other than record in case in which it is filed, and a court does not take judicial notice, in ruling on a demurrer, of another case, its filing and petition.''

In the comparatively recent case of *Hauer* v. *Provident Savings Bank & Trust Co., Trustee,* 111 Ohio App. 214, the syllabus, in part, says:

''On a demurrer to a petition, only the petition and the demurrer are before the trial court, and the court has no right to consider arguments touching on matters requiring proof by the introduction of evidence.''

See, also, *Desper* v. *Leiter,* 106 Ohio App. 311; *Virginian Joint Stock Land Bank* v. *Null,* 21 Ohio Law Abs. 471; *Swanson* v. *Board of County Commrs. of Tuscarawas County,* 4 Ohio

App. 437, 441; 43 Ohio Jurisprudence 2d 211, Section 197; 43 Ohio Jurisprudence 2d 205, Section 187.

Furthermore, it should be stated that a trial court may not take judicial notice of a former action, whether in the same or another court. *Myers* v. *State,* 46 Ohio St. 473; *Bachtel* v. *Bachtel,* 97 Ohio App. 521, and cases cited therein at page 527. See, also, 21 Ohio Jurisprudence 2d 74, Section 61.

As heretofore noted, only facts appearing on the face of a petition can be challenged by demurrer. Section 2309.08, Revised code; *Desper* v. *Leiter,* 106 Ohio App. 311. And it is settled that pleadings must be construed liberally in favor of the pleader.

In the present case, however, the trial court necessarily had to proceed beyond the record which was properly before it in order to reach the conclusion which it did. And it may well be that the evidence will eventually lend support to that conclusion.

But regardless of what the evidence may ultimately show, we are confronted with allegations, which, at this stage of the proceeding, constitute a cause of action.

The judgment must, therefore, be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversea.*

SHERER and CRAWFORD, JJ., concur.