[Cite as *In re M.C.H.*, 2013-Ohio-2656.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: M.C.H. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | |
| | : | |
| | : | Case No. 12-CA-130 |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court of
                             Common Pleas, Case No. 2010-DL-280

JUDGMENT:                     Affirmed in part; reversed in part and
                             remanded

DATE OF JUDGMENT ENTRY:       June 20, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GREG MARX                                 SHERRIE HUSTEAD
BY: LORI THOMSON                          1998 Refugee Street N.E.
239 West Main Street, Suite 100           Millersport, OH 43046
Lancaster, OH  43130

*Gwin, P.J.*

{¶1}   Appellant M.C.H.[1] a minor, appeals the October 26, 2012 judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio denying his motion to Seal/Expunge Juvenile Records.

*Facts and Procedural History*

{¶2}   On June 25, 2010 in Case Number 2010-TR-0415 M.C.H. was cited by the Millersport Police Department for Failure to Yield at an intersection while riding his bicycle.[2]

{¶3}   On June 28, 2010, a delinquency complaint was  filed in case number 2010-DL-280  charging M.C.H. with one count of Assault, in violation of R.C. 2903.13, one count of Sexual Imposition, in violation of R.C. 2907.06, one count of Menacing, in violation of R.C. 2903.22, and one count of Disorderly Conduct, in violation of 2917.11.[3]

{¶4}   By Judgment Entry filed July 30, 2010, the trial court granted the state leave to nolle prosequi the traffic case because the parties had reached an agreement and a delinquency case was pending.

{¶5}   By Judgment Entry filed November 8, 2010 in the delinquency case, the trial court granted the state's motion to dismiss due to "inability to proceed."

{¶6}   On September 27, 2012, M.C.H. filed a "Motion to Seal Juvenile Records," pursuant to R.C. 2151.356(B)(1)(d) in both the traffic and the delinquency cases.

{¶7}   On October 26, 2012, the trial court filed entries in each case denying the motions because M.C.H. "has not shown to be rehabilitated to a satisfactory degree."

---

[1] Counsel should adhere to Rule 45(D) of the Rules of Supt. for Courts of Ohio concerning disclosure of personal identifiers.
[2] 5th Dist. No. 12-CA-131.
[3] 5th Dist. No. 12-CA-130.

*Assignments of Error*

**{¶8}** M.C.H. raises one assignment of error,

**{¶9}** "I. THE JUVENILE COURTS ORDER DENYING THE SEALING/EXPUNGEMENT OF THE JUVENILES DISMISSED DELINQUENCY OFFENSES AND THE NOLLE. PROSEQUI TRAFFIC OFFENSE IS CONTRARY TO THE PLAIN WORDING OF O.R.C. 2151.356(B)(1)(d)."[4]

*Analysis*

**{¶10}** No transcript of any court proceedings have been filed in the case at bar. Because the transcript of the proceeds have not been not filed with the trial court or made a part of the record for purposes of appeal, it does not constitute part of the record on appeal. See App.R. 9(A).

> "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385(1980). If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support.

*Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506(1993); *In re Adoption of Foster*, 22 Ohio App.3d 129, 131, 489 N.E.2d 1070, 1072-1073(1985).

**{¶11}** In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted: "a reviewing court cannot add matter to the

---

[4] The assignment of error is identical in Case Nos. 12-CA-130 and 12-CA-131.

record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978). It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist.No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). In the case *In re Lodico*, this Court observed,

> "A trial court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case. *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 159, 454 N.E.2d 1330. *See, also, D & B Immobilization Corp. v. Dues* (1997), 122 Ohio App.3d 50, 53, 701 N.E.2d 32; *In re Knotts* (1996), 109 Ohio App.3d 267, 271, 671 N.E.2d 1357; *Woodman v. Tubbs Jones* (1995), 103 Ohio App.3d 577, 580, 660 N.E.2d 520; *State v. Velez* (1991), 72 Ohio App.3d 836, 838, 596 N.E.2d 545; *Kiester v. Ehler* (1964), 9 Ohio App.2d 52, 56, 222 N.E.2d 782; *Burke v. McKee* (1928), 30 Ohio App. 236, 238, 164 N.E. 776. The rationale for this holding is that, if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court. *Dues, supra*, at 53, 701 N.E.2d 32. *See Deli Table, Inc. v. Great Lakes Mall* (Dec. 31, 1996), Lake App. No. 95-L-012, at 13; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 379, 680 N.E.2d 1279."

5th Dist. No. 2003-CA-00446, 2005-Ohio-172, ¶94, quoting *State v. Blaine*, 4th Dist No. 03CA9, 2004-Ohio-1241, ¶ 19.

**{¶12}** Accordingly, the state's material and factual assertions contained in its brief in this Court concerning other juvenile case involving M.C.H. may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16.

**{¶13}** Therefore, we have disregarded facts in either party's brief that are outside of the record.

**{¶14}** In his sole assignment of error, M.C.H. argues that the trial court erred by not sealing his juvenile records.

**{¶15}** It is well settled that "'[e]xpungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon,* 87 Ohio St.3d 531, 533, 2000-Ohio-474, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639(1996). The statutory law in effect at the time of the filing of an application to seal a record of conviction is controlling. *State v. LaSalle,* 96 Ohio St.3d 178, 772 N.E.2d 1172, 2002-Ohio-4009, paragraph 2 of the syllabus; *State v. Moorehart*, 5th Dist. No. 2008-CA-0072, 2009-Ohio-2844, ¶14.

**{¶16}** R.C. 2156.356 sets forth the procedure to apply for the sealing of records in juvenile cases. In 2012, the statute provided in relevant part,

> (B)(1) The juvenile court shall promptly order the immediate sealing
>
> of records pertaining to a juvenile in any of the following circumstances:

(a) If the court receives a record from a public office or agency under division (B)(2) of this section;

(b) If a person was brought before or referred to the court for allegedly committing a delinquent or unruly act and the case was resolved without the filing of a complaint against the person with respect to that act pursuant to section 2151.27 of the Revised Code;

(c) If a person was charged with violating division (E)(1) of section 4301.69 of the Revised Code and the person has successfully completed a diversion program under division (E)(2)(a) of section 4301.69 of the Revised Code with respect to that charge;

(d) If a complaint was filed against a person alleging that the person was a delinquent child, an unruly child, or a juvenile traffic offender and the court dismisses the complaint after a trial on the merits of the case or finds the person not to be a delinquent child, an unruly child, or a juvenile traffic offender;

(e) Notwithstanding division (C) of this section and subject to section 2151.358 of the Revised Code, if a person has been adjudicated an unruly child, that person has attained eighteen years of age, and the person is not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child.

{¶17} M.C.H. has alleged in the trial court as well as in this Court that he is entitled to have his record sealed pursuant to R.C. 2151.356(B)(1)(d) because the charges were dismissed or nolled.

**{¶18}** The primary purpose of the judiciary in the interpretation or construction of a statue is to give effect to the intention of the legislature, as gathered from the provisions enacted by application of well-settled rules of construction or interpretation. *Henry v. Central National Bank*, 16 Ohio St.2d 16, 20, 242 N.E.2d 342(1968), quoting *State ex rel. Shaker Heights Public Library v. Main*, 83 Ohio App. 415, 80 N.E.2d 261(8th Dist.1948). It is a cardinal rule that a court must first look to the language itself to determine the legislative intent. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105, 304 N.E.2d 378(1973). If that inquiry reveals that the statute conveys a meaning that is clear, unequivocal and definite, at that point, the interpretive effort is at an end, and the statute must be applied accordingly. *Id.* at 105–106, 304 N.E.2d 378. In determining legislative intent, it is the duty of the court to give effect to the words used, not to delete words used or to insert words not used. *Columbus–Suburban Coach Lines v. Public Utility Comm.*, 20 Ohio St.2d 125, 127, 254 N.E.2d 8(1969). See also, *In re: McClanahan,* 5th Dist. No. 2004AP010004, 2004–Ohio–4113, 2004 WL 1758408, ¶ 16.

**{¶19}** R.C. 1.42 states, "1.42 Common and technical usage. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

**{¶20}** R.C. 2151.356(B)(1)(d) clearly states that to be eligible for sealing of the records, a dismissal must occur "after a trial on the merits of the case." In the case at bar no trial took place. *See,* Juv. R. 28(F)(1). The effect of a dismissal or a nolle has been explained,

The entry of a nolle prosequi restores an accused to the status of a person against whom charges have never been filed, *Columbus v. Stires* (1967), 9 Ohio App. 2d 315, 317. *Sander v. State of Ohio* (S.D. Ohio, 1973), 365 F. Supp. 1251, 1253, holds that no jeopardy attaches where a nolle prosequi is entered before a jury is sworn. Further, the acceptance of a guilty plea on some counts and the nolle of others, is not functionally equivalent to a verdict of not guilty on the dismissed charges, *Hawk v. Berkemer* (6th Cir. 1979), 610 F. 2d 445, 447.

*State v Frost,* 8th Dist. No. 45561, 1983 WL 5507(June 23, 1983). *Accord, State v. Cole*, 9 Ohio App.3d 315, 317, 224 N.E.2d 369(1967); *State v. Eubank*, 6th Dist. No. L-11-1211, 2012-Ohio-3512, ¶7. As jeopardy has not attached and the accused can be re-prosecuted for the same offense, a dismissal or nolle is not the functional equivalent of an acquittal.

**{¶21}** The second provision for sealing of the records in a juvenile case envisions a trial court specifically finding the person "not to be a delinquent child, an unruly child, or a juvenile traffic offender." In the case at bar, the trial court did not make a finding that M.C.H. was not a delinquent child, an unruly child, or a juvenile traffic offender. Rather, the trial court denied the motion to seal the records because M.C.H. "has not shown to be rehabilitated to a satisfactory degree." It appears, therefore, that the trial court's denial of M.C.H.'s application to seal the records was not based upon R.C. 2151.356(B)(1)(d).

**{¶22}** R.C. 2151.356 further provides,

(C)(1) The juvenile court shall consider the sealing of records pertaining to a juvenile upon the court's own motion or upon the application of a person if the person has been adjudicated a delinquent child for committing an act other than a violation of section 2903.01, 2903.02, 2907.02, 2907.03, or 2907.05 of the Revised Code, an unruly child, or a juvenile traffic offender and if, at the time of the motion or application, the person is not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child. The motion or application may be made at any time after two years after the later of the following:

(a) The termination of any order made by the court in relation to the adjudication;

(b) The unconditional discharge of the person from the department of youth services with respect to a dispositional order made in relation to the adjudication or from an institution or facility to which the person was committed pursuant to a dispositional order made in relation to the adjudication.

* * *

{¶23} If the prosecuting attorney does not object to the sealing of the records, the court may order the records sealed without conducting a hearing. R.C. 2151.356(C)(2)(d)(ii). However, if the prosecuting attorney objects to the sealing of the records, the trial court "shall conduct a hearing on the motion" and must give notice of the date, time and location of the hearing to the prosecutor and the person who is the

subject of the records under consideration. R.C. 2151.356(C)(2)(d)(iii). The statute further provides,

> (e) After conducting a hearing in accordance with division (C)(2)(d) of this section or after due consideration when a hearing is not conducted, except as provided in division (B)(1)(c) of this section, the court may order the records of the person that are the subject of the motion or application to be sealed if it finds that the person has been rehabilitated to a satisfactory degree. In determining whether the person has been rehabilitated to a satisfactory degree, the court may consider all of the following:
>
> (i) The age of the person;
>
> (ii) The nature of the case;
>
> (iii) The cessation or continuation of delinquent, unruly, or criminal behavior;
>
> (iv) The education and employment history of the person;
>
> (v) Any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration.
>
> * * *

**{¶24}** In the case at bar, the trial court's finding that M.C.H. "has not shown to be rehabilitated to a satisfactory degree" mirrors the language of R.C. 2151.356(C)(2)(e). The record reveals that the state filed its objection to the sealing of M.C.H.'s records on October 26, 2012. The trial court was, therefore, required to conduct a hearing before

denying the motion as mandated by R.C. 2151.356(C)(2)(d)(iii). The trial court did not conduct a hearing.

**{¶25}** An additional concern is that the trial court did not state its findings on the record or in its judgment entry. In the context of the adult expungement statue, we have held that a trial court must include proper findings in its judgment entry to illustrate compliance with R.C. 2953.32. *State v. Bates*, 5th Dist. No. 03-COA-057, 2004-Ohio-2260, ¶24. *Accord*, *State v. Poole,* 5th Dist. No. 10-CA-21, 2011-Ohio-2956, ¶20; *Beachwood v. D.Z.*, 8th Dist. No. 94024, 2010-Ohio-3320, ¶7; *State v. Berry*, 135 Ohio App.3d 250, 253, 733 N.E.2d 651(2nd Dist. 1999).

**{¶26}** Accordingly, we sustain M.C.H.'s assignment of error only to the extent that the trial court was required to conduct a hearing and make proper findings to demonstrate compliance with R.C. 2151.356(C)(2)(e). We sustain the trial court's judgment that M.C.H. is not eligible for expungement under R.C. 2151.356(B)(1)(d).

**{¶27}** Our holding does not imply that the trial court must reach a specific conclusion after conducting the appropriate hearing and analysis. Rather, the purpose of our remand is to ensure statutory compliance and proper consideration of the requisite statutory factors.

{¶28} The judgment of the Fairfield County Court of Common Pleas, Juvenile Division is affirmed in part and reversed in part and this matter is remanded to that court with instructions to conduct a hearing, make the necessary findings, and express those findings in some manner on the record.

By Gwin, P.J., and

Farmer, J., concur

Hoffman, J., concurs in part,

dissents in part

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


WSG:clw 0521

*Hoffman, J., concurring in part and dissenting in part*

{¶29} I concur in the majority's analysis and conclusion Appellant is not entitled to sealing of his record pursuant to R.C. 2151.356(B)(1)(d). Because that statute is the sole basis for his argument, I find remand for a hearing unnecessary.

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF: M.C.H.              :
                                      :
                                      :
                                      :
                                      :
                                      :
                                      :        JUDGMENT ENTRY
                                      :
                                      :
                                      :
                                      :        CASE NO. 12-CA-130


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas, Juvenile Division is affirmed in part and reversed in part and this matter is remanded to that court with instructions to conduct a hearing, make the necessary findings, and express those findings in some manner on the record.  Costs to be shared equally between the parties.


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER