[Cite as *State v. Lofton*, 2019-Ohio-2087.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff – Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 18-CA-40 |
| PRESTON LOFTON | |
| Defendant – Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Fairfield County<br>Municipal Court, Case No. TRC1806154A |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 24, 2019 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| DANIEL E. COGLEY<br>Lancaster City Prosecutor's Office<br>120 East Main Street – Suite #200<br>Lancaster, Ohio  43130 | JAMES DYE<br>P.O. Box 161<br>Pickerington, Ohio  43147 |

*Hoffman, P.J.*

{¶1} Appellant Preston W. Lofton appeals the judgment entered by the Fairfield County Municipal Court overruling his motion to vacate his administrative license suspension (hereinafter "ALS"). Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} A vehicle driven by Appellant was stopped by Sgt. Haroon of the Pickerington Police Department at 10:20 p.m. on May 23, 2018, for speeding, traveling outside marked lanes, and expired tags. Appellant submitted to a breath test which showed his breath alcohol content to be .312, and he was therefore cited for violation of R.C. 4511.19(A)(1)(h), a high-tier breath test. The citation was served on Appellant by the officer on May 24, 2018. His license was suspended for a mandatory 90 days, with the ability to receive driving privileges after 15 days.

{¶3} Appellant's arraignment was set for June 7, 2018. On July 5, 2018, he filed an appeal of his ALS. On August 2, 2018, the trial court filed an entry which stated, "JUDICIAL NOTICE TAKEN REGARDING CASE # TRC1803527 (STATE V. MEGAN BEASLEY); DEFENSE MOTION REGARDING ALS IS OVERRULED."

{¶4} It is from the August 2, 2018 judgment Appellant prosecutes this appeal, assigning as error:

THE TRIAL COURT ERRED BY FAILING TO VACATE THE ADMINISTRATIVE LICENSE SUSPENSION WHEN THE COURT FAILED TO COMPLY WITH THE MANDATORY REQUIREMENT CONTAINED IN R.C. 4511.192 THEREBY VIOLATING APPELLANT'S DUE PROCESS RIGHTS.

**{¶5}** As a preliminary matter, we address the state of the record in the instant case. As noted above, the trial court, in overruling Appellant's appeal from his ALS, took judicial notice of *State v. Megan Beasley*. A trial court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case. *E.g., In re M.C.H.,* 5th Dist. No. 12-CA-131, 2013-Ohio-2649, 994 N.E.2d 47, ¶ 11.

**{¶6}** Appellant has not provided this Court with a transcript of the proceedings in the instant case, but only with a transcript of the proceedings in *State v. Beasley*. Appellant's praecipe filed August 30, 2018, provides, "The Appellant hereby states that he intends to include in the record a complete transcript of the ALS Appeal proceeding, including a transcript of *State v. Beasley,* 18 TRC 3527, Fairfield County Municipal Court ALS Appeal." Appellant filed a "Notice of Filing of Transcript" on October 10, 2018, which gave notice only of the filing of the transcript in the *Beasley* case. Appellant did not file a request with this Court to supplement the record.

**{¶7}** Appellant's written appeal of the ALS suspension does not specify the grounds on which he intends to appeal, stating only "The reasons for this request will be set out more fully and specifically upon receipt and review of discovery, as provided by the State of Ohio." We have not been provided a transcript of Appellant's hearing on his ALS suspension from which we could determine the argument(s) raised in the trial court in support of his ALS suspension appeal. We have only been provided the transcript of the proceedings in an unrelated case, of which the trial court improperly took judicial

notice.[1] Accordingly, based on the record before us, or more accurately, the absence of a record demonstrating the argument was preserved for review, we decline to draw an inference the argument was raised and preserved by Appellant.

{¶8} The duty to provide a transcript falls upon the Appellant. App. R. 9(B). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385 (1980). In the absence of a transcript, we are unable to determine the grounds for the appeal raised in the trial court, and have no choice but to affirm.

---

[1]Contrast *State v. Carnes*, 5th Dist. Perry No. 14-CA-00029, 2015-Ohio-1633, which addressed judicial notice of adjudicative facts from a prior case, rather than judicial notice of the legal arguments and proceedings in a prior case.

{¶9} The assignment of error is overruled. The judgment of the Fairfield Municipal Court is affirmed.

By: Hoffman, P.J.

Wise, John, J. and

Baldwin, J. concur