The STATE of Ohio, Appellee,

v.

VELEZ, Appellant.

[Cite as *State v. Velez* (1991), 72 Ohio App.3d 836.]

Court of Appeals of Ohio,
Defiance County.

No. 4-89-20.

Decided March 13, 1991.

*Peter R. Seibel,* Prosecuting Attorney, and *Morris J. Murray,* for appellee.
*Kay Wildermuth,* for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from the judgment of the Court of Common Pleas of Defiance County entered upon a jury's verdict finding appellant, Domingo Velez, Jr., guilty of aggravated trafficking in drugs and permitting drug abuse with a prior drug abuse conviction. From this judgment, appellant asserts three assignments of error. The first assignment of error is:

"The trial court erred to the prejudice of defendant-appellant in taking judicial notice of defendant-appellant's prior conviction."

■ At trial, in compliance with R.C. 2945.75(B), evidence of appellant's prior conviction was presented in the form of testimony of a police officer involved in the prior conviction identifying the appellant as the defendant in the prior case and the judgment entry of the prior conviction was also admitted into evidence. The text of the judgment entry of the prior conviction in its entirety reads as follows:

"This 19th day of February, 1986, this cause came on for sentencing, the Defendant having previously entered a plea of GUILTY to the charges contained in Count I and II of the Indictment. The Defendant was present in Court, represented by counsel, Mr. Charles N. Hunt, Esquire, of Toledo, Ohio. The State of Ohio was represented by Morris J. Murray, Assistant Prosecuting Attorney of Defiance County.

"Mr. Hunt then requested the Court to consider the defense Motion that the Defendant be granted treatment as a drug-dependent person in lieu of incarceration. Evidence was presented in support of the Motion and in mitigation of punishment, and certain representations made to the Court by counsel.

"The Court made extensive reference to the information contained in the pre-sentence investigation and permitted the Defendant to speak in his own behalf. The Court inquired whether there was any reason why sentence should not be pronounced at this time, to which the Defendant responded in the negative.

"The Court advised the parties that it was of the opinion that the charges contained in Counts I and II of the Indictment were allied offenses of similar import and therefore, should be merged for purposes of sentencing. The Court did then proceed to sentencing and did sentence the Defendant to a determinate term of two (2) years with the Ohio Department of Rehabilitation and Corrections at Chillicothe, Ohio. Costs assessed to the Defendant. Upon motion of the State, Count III is hereby dismissed."

While the testimony of the officer involved in the prior conviction and the judgment entry from the prior conviction were properly introduced, the judgment entry set forth above, reciting only a plea of guilty to enumerated counts of an indictment, does not indicate the conviction was for a drug abuse offense and such cannot be ascertained without resort to extrinsic matter. Upon motion by the state and over the objection of appellant, the trial court took judicial notice of the fact that the prior judgment entry was for a conviction of drug trafficking. The trial court instructed the jury as follows:

"The Court instructs you that as a matter of law, that the conviction set forth in State's Exhibit No. 8 is a conviction for trafficking in drugs, a felony drug abuse offense. However, you must still determine whether the Defendant in that case is the same person as the Defendant now before you."

Evid.R. 201(B) sets forth the kind of facts the trial court may notice judicially. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). The fact that the prior judgment entry was for a felony drug abuse offense does not appear to fall within either classification of Evid.R. 201(B). Even though both proceedings were before the same trial court, "[a] trial court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case." *Diversified Mortgage Investors, Inc. v. Bd. of Revision* (1982), 7 Ohio App.3d 157, 7 OBR 201, 454 N.E.2d 1330, paragraph two of the syllabus.

Moreover, assuming *arguendo* the propriety of judicial notice of the matter, the instruction given by the court does not comply with the mandate of Evid.R. 201(G) that in a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

The state is required to prove each element of the crime charged, including the specifications enhancing the penalty for the crime. The jury is the trier of fact and any statement by the trial court invading the jury's duty is in error. *State v. Bridgeman* (1977), 51 Ohio App.2d 105, 116, 5 O.O.3d 275, 281, 366 N.E.2d 1378, 1387. The trial court in its instruction provided an element of the state's case not otherwise disclosed by the testimony or evident from the judgment entry of the prior conviction. There were other means the state could have utilized to prove its case without relying on the trial court's interpretation of the prior judgment entry. We therefore sustain appellant's first assignment of error.

■ Appellant's second assignment of error is:

"The verdict of guilty against defendant-appellant for violation of R.C. Section 2925.13 was against the manifest weight of the evidence produced at trial."

Appellant claims there was no evidence presented at trial from which the jury could reasonably have concluded Appellant owned, operated or was in charge of the automobile used in the drug transaction of February 25, 1986.

Timothy Cline testified at trial regarding the events of February 25, 1986 as follows:

"Q. All right. Whose car were you in?

"A. Domingo's.

"Q. Who was driving?

"A. I was.

"Q. What type of car was it?

"A. '84 Monte Carlo[.]"

Deputy Douglas Engel and Sheriff David Westrick both testified they knew that the blue Monte Carlo bearing license plate number 646 GLG, observed during the transaction of February 25, 1986, belonged to appellant, Domingo Velez. Timothy Cline and Eric Coressel both testified the drug purchase took place in that Monte Carlo.

The testimony of these witnesses, if believed by the jury, is sufficient to support a conviction of permitting drug abuse in violation of R.C. 2925.13. Appellant's second assignment of error is overruled.

■ Appellant's third assignment of error is:

"The trial court erred to the prejudice of defendant-appellant in its failure to consider the sentencing factors contained in R.C. Section 2929.12 and R.C. 2929.13."

Essentially appellant complains that he was sentenced to serve consecutively the stiffest penalties allowed by law for his convictions. The sentencing criteria outlined in R.C. 2929.12 and 2929.13 "do not control the court's discretion" or its "sentencing decision" but are directory and not a compulsory restraint on the trial court's discretion in imposing a penalty permitted by statute. The trial court did not violate the penalty schedules of R.C. 2929.11 or 2929.41. We find no error, resulting prejudice, or abuse of discretion in the trial court's decision to impose the heaviest possible sentence upon appellant. Appellant's third assignment of error is overruled.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Court of Common Pleas of Defiance County is reversed and the cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

EVANS and SHAW, JJ., concur.