**D & B IMMOBILIZATION CORPORATION, Appellee,**

**v.**

**DUES, Appellant.**

[Cite as *D & B Immobilization Corp. v. Dues* (1997), 122 Ohio App.3d 50.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71557.

Decided July 28, 1997.

*Direnfeld, Greene & Blackburn Co., L.P.A.* and *Douglas C. Blackburn,* for appellant.

---

*Per Curiam.*

Defendant-appellant Sam Dues appeals from the judgment of the Bedford Municipal Court, Small Claims Division, finding the defendant liable to plaintiff-appellee D & B Immobilization Corp. for the towing and impounding expense ($350) of plaintiff's automobile after he was arrested for driving while his license was under suspension ("DUS"). Defendant claims that the charges were dismissed and that he has no obligation for the towing company's expenses. We find merit to the appeal and reverse.

The events leading to this action arose when defendant was cited on March 27, 1996 by Warrensville Heights police for driving under suspension and a stop sign violation in case No. 96–TRD–02202(A & B). The vehicle was seized and was immobilized at defendant's residence.

On June 6, 1996, a plea agreement was reached: defendant pled no contest to the stop sign violation and the DUS charge was dismissed, costs suspended.

The plaintiff, when requested by the defendant, refused to remove the immobilization device, which plaintiff, under contract with the city of Warrensville Heights, had placed on defendant's vehicle, unless the defendant paid the costs and expenses charged by the plaintiff for immobilizing the vehicle. The defendant refused to pay those charges, and this action was brought by plaintiff to recover those charges from the defendant.

The case was tried on August 13, 1996 before the court's magistrate in the small claims division without the intervention of a jury. On September 18, 1996, the magistrate's decision found in favor of the plaintiff and against the defendant in the amount of $350 plus costs. The magistrate found that defendant's payment of the towing, storage, and immobilization fees was part of the conditions of defendant's plea and held: "Clearly, it is within the court's discretion to require repayment of fees as a condition to the plea bargain * * *; the defendant benefited from the court's exercise in judicial discretion in dismissing the DUS charge, and defendant should not now complain because this benefit was conditioned upon repayment of fees."

On October 3, 1996, defendant filed his objections to the magistrate's decision. These objections were overruled, and judgment was entered in favor of the plaintiff for $350 in accordance with the award and report of the magistrate.

This timely appeal ensued. No appellee's brief has been filed. We will address Assignment of Error II first, as it is necessary to the disposition of Assignment of Error I.

"II. The trial court error [sic] when it considered the proceedings in a separate criminal case which were not properly introduced into evidence by either party to the instant proceedings."

We find merit to this assignment of error.

Neither party, pursuant to Evid.R. 201, requested that the trial court in this case take judicial notice of the prior case, nor were the journal entries or the docket of the prior case properly authenticated and offered into evidence. However, the magistrate in her report and recommendation took judicial notice of the prior traffic case and referred extensively to the proceedings in the case.

The magistrate's report states, as the basis for the award and recommendation at page two:

"On June 6, 1996, counsel and defendant appeared before the bench [in case No. 96–TRD–02202]. After discussions between defense counsel, the court and the prosecution a plea agreement was reached. Defendant pled no contest to the stop sign violation, was found guilty and paid a $50.00 fine plus court costs. Pursuant to the plea agreement, the charge of DUS was dismissed, costs suspended. Defendant's vehicle was ordered released, also pursuant to the plea agreement, conditioned upon defendant's compliance with all obligations regarding towing, storage or immobilization fees."

The actual journal entry of the trial court in criminal case No. 96–TRD–02202 (A & B) was not in the record below; therefore, we cannot consider it even though defendant attached a copy to his appellate brief. Therefore, as far as this

court is concerned, we do not have any evidence before us that confirms what the terms of the defendant's plea were.

By *sua sponte* taking judicial notice of the prior criminal proceedings, the magistrate went beyond the evidence presented by the parties in this civil case. The concept of judicial notice cannot be applied in the present circumstance.

"A trial court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case." *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 7 OBR 201, 454 N.E.2d 1330. See, also, *In re Knotts* (1996), 109 Ohio App.3d 267, 271, 671 N.E.2d 1357, 1359; *Woodman v. Tubbs Jones* (1995), 103 Ohio App.3d 577, 580, 660 N.E.2d 520, 522–523; *State v. Velez* (1991), 72 Ohio App.3d 836, 838, 596 N.E.2d 545, 546–547; *Kiester v. Ehler* (1964), 9 Ohio App.2d 52, 56, 38 O.O.2d 49, 51, 222 N.E.2d 782, 784; *Burke v. McKee* (1928), 30 Ohio App. 236, 238, 164 N.E. 776, 776.

The rationale for this holding is that, if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court. *Deli Table, Inc. v. Great Lakes Mall* (Dec. 31, 1996), Lake App. No. 95–L–012, unreported, at 13, 1996 WL 761984; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 379, 680 N.E.2d 1279, 1282. In the case herein, we have no evidence before us concerning the terms of the plea agreement.

Assignment of Error II is sustained.

"I. The trial court errored [*sic*] in holding defendant liable for the cost of immobilizing his motor vehicle without the defendant having previously been convicted or pled guilty to a charge of driving while under suspension."

Defendant contends that the Ohio statutes provided no authority for the trial court's imposition of towing expenses on him.

The court's obligation with respect to a motor vehicle seized pursuant to R.C. 4507.38 in the circumstances presented is as follows:

"(D)(1) * * * Upon the final disposition of that [DUS] charge, the court shall do whichever of the following is applicable:

" * * *

"(c) If the charge that the arrested person violated division (B)(1) or (D)(2) of section 4507.02 of the Revised Code, a substantially equivalent municipal ordinance, or section 4507.33 of the Revised Code is dismissed for any reason, the court shall order that the vehicle and its identification license plates immediately be returned or released to the vehicle owner or a person acting on his behalf."

R.C. 4507.02 relates to driving with a suspended operator's license, and R.C. 4507.33 prohibits the loaning of a vehicle to a driver without a license or under suspension.

R.C. 4507.38(F) sets forth the criteria for charging the costs of towing and storing to the owner of a motor vehicle seized pursuant to that section when the owner is convicted or pleads guilty:

"(F) If a vehicle is seized under division (B) of this section and if, in any of the circumstances described in division (C) or (D) of this section, the arrested person is convicted of or pleads guilty to the violation of division (B)(1) or (D)(2) of section 4507.02 of the Revised Code, a substantially equivalent municipal ordinance, or section 4507.33 of the Revised Code with which he was charged, the court may require the offender to pay the actual cost of any public or private entity transporting the vehicle after the seizure and the actual cost of any public or private entity storing the vehicle after the seizure."

It appears from consideration of these statutes then that if the DUS offense is dismissed "for any reason," the defendant is entitled to the immediate release of his vehicle. If he is convicted or pleads guilty, the towing and impoundment charges may be imposed on him. These distinctions were recognized and adopted in *State v. Estep* (June 26, 1995), Ross App. No. 94CA2007, unreported, 1995 WL 392878:

"We jointly consider appellant's assignment of error with the first error assigned by amicus curiae. These assignments collectively posit the argument that the lower court erred in failing to order the release of appellant's automobile. We agree. The record in this case is clear that appellant's vehicle was seized pursuant to the statutory authority granted under R.C. 4507.38. It is also clear that the charges against appellant in this case were dismissed. The provisions of R.C. 4507.38(D)(1)(c) clearly state that '[i]f the charge * * * is dismissed for any reason, the court shall order that the vehicle and its identification license plates be immediately returned or released to the vehicle owner or a person acting on his behalf.' The word 'shall' as used in these sorts of statutes connotes a mandatory action. See *e.g. Fantozzi v. Sandusky Cement Prod. Co.* (1992), 64 Ohio St.3d 601, 609, 597 N.E.2d 474, 480–481; *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534–535, 605 N.E.2d 368, 369–370; *State v. Dilley* (1989), 47 Ohio St.3d 20, 21, 546 N.E.2d 937, 938; *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, at paragraph one of the syllabus. Thus, the court below was required to enter an order for the release or return of appellant's vehicle once charges against her were dismissed. Its failure to do so was erroneous and the assignments of error are sustained to that extent."

In the instant case, the DUS charge was dismissed. The defendant was not convicted nor did he plead guilty to the offense of DUS. There was no proper evidence, as we held in Assignment of Error II, that the payment of the towing charges was a condition of his plea. He was entitled, therefore, to the immediate release of the vehicle without imposition of the towing or immobilization charges.

The plaintiff's recourse is against the city, with whom it contracted to provide immobilization services, and not against this defendant. As the court in *Estep* concluded, when confronted with the issue of who should pay for the immobilization fees:

"She is, as discussed previously, not statutorily liable for the payment of these expenses. We would note, parenthetically, that (without such liability) the recovery of those expenses would seem to be a simple matter of contract law between the third party towing company and the entity with whom it contracted to provide those services (*i.e.* the state or one of its subdivisions)." *Id.* at 5–6.

The motor vehicle should have been immediately released to the defendant upon the dismissal of the driving under suspension charge.

Assignment of Error I is sustained, the judgment is reversed, and judgment for defendant-appellant is entered.

*Judgment reversed.*

PORTER, P.J., and NAHRA, J., concur.

KARPINSKI, J., dissents.

KARPINSKI, Judge, dissenting.

I respectfully dissent. I agree with the majority that the referee's reliance on the concept of judicial notice was incorrect, but disagree with its disposition of this case.

Procedural grounds dictate conflicting results. This court could affirm the judgment of the trial court because appellant's failure to file a transcript of the hearing before the referee precludes a showing of prejudice. See *Chaney v. East* (1994), 97 Ohio App.3d 431, 646 N.E.2d 1138. On the other hand, because appellee has not filed an appellee's brief, this court could accept appellant's statement of facts and issues and enter judgment for appellant. App.R. 18(C).[1]

Rather than adopting either of these procedural dispositions, however, in the interest of justice, I would remand the matter to the trial court to determine

---

1. This is an argument the majority does not invoke, although the result would be consistent with the majority decision.

whether appellant assumed the $350 in disputed costs as part of a plea bargain. In other words, I believe public interest propels us to go beyond mere assumptions for either side to avoid what might be a windfall to one party at public expense.

The majority opinion, moreover, does not clarify whether costs can be imposed other than by statute. The majority appears to hold that courts have authority to impose towing and storage costs *only* when the accused (1) is convicted of or (2) pleads guilty to operating an automobile with a revoked or suspended driver's license. However, the majority does not cite any authority that prevents a defendant from making an enforceable agreement to assume these costs as part of a plea bargain resulting in dismissal of the charges. Courts routinely enforce similar plea bargains. See *State v. Butts* (1996), 112 Ohio App.3d 683, 686–688, 679 N.E.2d 1170, 1172–1173. If defendant explicitly agreed to pay the costs as part of a plea bargain, the agreement should be upheld.

For these reasons, I would remand the matter to the trial court to clarify the basis for imposing costs on appellant, for example, by taking evidence on the applicable public records and on whether the defendant agreed explicitly rather than implicitly to pay the disputed costs.