The STATE of Ohio, Appellant,

v.

YODER, Appellee.

[Cite as *State v. Yoder* (1998), 127 Ohio App.3d 72.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 97CA0056.

Decided April 1, 1998.

*Betty D. Montgomery,* Attorney General, and *Darius N. Kandawalla,* Assistant Attorney General, Business and Government Regulation Section, for appellant.

*Abe R. Yoder, pro se.*

---

REECE, Judge.

Appellant state of Ohio appeals from the order of the Wayne County Municipal Court requiring the Ohio Bureau of Motor Vehicles to pay the fees for the immobilization of appellee Abe R. Yoder's vehicle. We reverse.

On May 10, 1997, appellee Abe R. Yoder was arrested and charged with operating a motor vehicle while under a license suspension pursuant to R.C. 4507.02. At the time of his arrest, his vehicle was seized pursuant to R.C. 4507.38 and placed in a private immobilization lot. The matter proceeded to trial in the Wayne County Municipal Court on July 9, 1997. The trial court found Yoder not guilty of the violation charged. The trial court further ordered that "[a]ny fees for the said immobilization [of Yoder's vehicle] shall not be paid by [Yoder] but shall be paid by the Ohio Bureau of Motor Vehicles." The state of Ohio then appealed the judgment to this court.

The state asserts two assignments of error for our review. In its first assignment of error, the state maintains that the trial court erred in ordering the Bureau of Motor Vehicles ("BMV") to pay the immobilization expenses for Yoder's car. The state argues that the trial court's order was inconsistent with R.C. 4507.38. This assignment of error is well taken.

R.C. 4507.38(D)(1)(b) provides that a defendant's vehicle must be released from immobilization if the defendant is found not guilty of a violation of R.C. 4507.02. See, also, *D & B Immobilization v. Dues* (1997), 122 Ohio App.3d 50, 701 N.E.2d 32; *State v. Estep* (June 26, 1995), Ross App. No. 94CA2007, unreported, 1995 WL 392878. However, the statute fails to indicate who must pay the costs of the storage of the vehicle. Nowhere in the text of the statute does it indicate that the BMV is to bear the costs of immobilization. The trial court failed to offer any reasoning in its entry for imposing the costs of immobilization on the BMV and the governing statute provides no authority for such an imposition. Accordingly, we must sustain the state's first assignment of error.

In its second assignment of error, the state argues that the trial court erred in ordering the BMV to pay the immobilization expenses and contends that, in doing so, the trial court usurped the jurisdiction of the Ohio Court of Claims. Our resolution of the state's first assignment of error renders this contention moot;

therefore, we decline consideration of the second assignment of error. App.R. 12(A)(1)(c).

The state's first assignment of error is sustained. The judgment of the Wayne County Municipal Court ordering the BMV to pay the immobilization expenses for Yoder's vehicle is reversed.

*Judgment reversed.*

SLABY, P.J., and BAIRD, J., concur.