This case presents a timely appeal from a judgment rendered by the Belmont County Court, Western Division, finding defendant-appellant, Robert E. Fox, guilty of driving under an FRA suspension (financial responsibility act) pursuant to R.C.4507.02.
At the outset, we note that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18 (C), this court is authorized to accept appellant's statement of facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
On July 12, 1997, Officer Todd Graham made a routine traffic stop of appellant. Upon running a computer check of appellant's license, Officer Graham discovered that appellant was under an FRA suspension, effective November 26, 1996 to November 26, 2000. Officer Graham cited appellant for driving while his license was suspended.
At trial, Officer Graham testified that appellant was driving while under an BRA suspension; however, no certified copy of that suspension was presented at trial or entered into evidence. Appellee sought to introduce into evidence a non-certified copy of appellant's driving record. The trial court disallowed the evidence pursuant to appellant's objection. Appellee asked the trial court to take judicial notice of the fact that it placed appellant under the BRA suspension in a prior proceeding. Appellant objected on the basis that appellee offered no proof that appellant was under an ERA suspension. The trial court overruled this objection, as well as, appellant's motion for a directed verdict of acquittal.
The trial court took judicial notice of the fact that appellant's FRA suspension originated in the trial court and found appellant guilty of driving under the suspension. The trial court sentenced appellant to 180 days in jail, fined him $1000.00, plus court costs, and suspended his right to operate a motor vehicle in the State of Ohio for one year. The within appeal followed.
Appellant's sole assignment of error on appeal states as follows:
 "The trial court erred in inferring an FRA Suspension without proper proof on the record for such suspension to be inferred."
Appellant posits that the trial court improperly inferred that he violated R.C. 4507.02 without valid proof that he was under an FRA suspension. Appellant contends that without proof that he was under an ERA suspension, the trial court could not determine whether such a suspension actually existed. Appellant argues that because the trial court had only tenuous proof of his FRA Suspension, it should have granted his motion for a directed verdict of acquittal.
On appeal, this court must review the record to determine the sufficiency of the evidence. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. State v. Smith(1997),80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins(1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Thompkins, supra. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith, supra. Should the trier of fact have sufficient evidence to conclude that all the elements of the offense have been proven beyond a reasonable doubt, this court will not reverse the decision of the trial court. Smith, supra.
The trial court found appellant guilty of operating a motor vehicle while under an FRA suspension in violation of R.C.4507.02(B)(1) which states, in pertinent part:
 "No person, whose driver's or commercial driver's license or permit or nonresident's operating privilege has been suspended or revoked pursuant of Chapter 4509 of the Revised Code, shall operate any motor vehicle within this state, or knowingly permit any motor vehicle owned by him to be operated by another person in the state, during the period of the suspension or revocation, except as specifically authorized by Chapter 4509. of the Revised Code." (Emphasis added).
R.C. 4509.101(A)(1) prescribes:
 "No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that person's driver's operation of the vehicle."
Evid.R. 201 (B) delineates what adjudicative facts a trial court may judicially notice. That rule states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In In re Pyle(May 6, 1992), Belmont App. No. 91-B-27, unreported (quoting DiversifiedMortgage Investors, Inc. v. Bd. of Revision(1982), 7 Ohio App.3d 157, paragraph two of the syllabus), this court held that "[all trial court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case." The rationale for this holding is that if a trial court takes judicial notice of prior proceedings without introducing evidence of such proceeding, an appellate court cannot review whether the trial court correctly interpreted the prior case. D B Immobilization Corp. v. Dues(1997), 122 Ohio App.3d 50.
In the case sub judice, appellee had the burden of proving all of the elements of R.C. 4507.02 beyond a reasonable doubt. One of the elements of R.C. 4507.02 is that a person's driver's license has been revoked pursuant to R.C. 4509, et seq. of the Revised Code. To prove this element, appellee had to produce evidence that appellant was actually under an FRA suspension at the time he was charged with violating the statute. This it failed to do. Appellee merely attempted to introduce into evidence a non-certified copy of appellant's driving record but offered no actual proof of appellant's suspension. Nevertheless, the trial court took judicial notice of the fact that it had placed appellant. under an FRA suspension in a prior proceeding. The record reveals the following:
 "MS. YONAK: Uh, the State has no further witnesses at this time, your Honor. We would like to enter our exhibit into evidence and ask the Court to take Judicial notice that the suspension came from this ________________ (inaudible).
" * * *
 "MR. CONSTINE: Uh, not being a certified copy, your Honor, of Mr. Fox's driving record we would object to the submission.
"THE COURT: Ms. Yonak?
 "MS. YONAK: He's correct, your Honor it isn't a certified copy but the Defendant's suspension came from this Court. I didn't deal with the necessary attached certified copy.
 "THE COURT: Well, uh, even if it is, uh, without the exhibit, ______ (inaudible) it's not a certified copy so I will sustain the Defendant's objection. Anything else?
"* * *
 "THE COURT: I will take the notice that you requested of the suspension imposed in case number 3624 against Mr. Fox. Uh, Mr. Costine?
 "MR. COSTINE: Uh, your Honor, we would move for a directed verdict of acquittal, at this point the charge against Mr. Fox is driving under an F.R.A. suspension and there hasn't been any proof shown that he is under an F.R.A. suspension.
 "THE COURT: Well, as indicated Mr. Costine, I've taken notice of the suspension that the Court imposed in this case, in this Court of 3624, uh, which was a suspension in affect at the time Mr. Fox was found driving, so the Court will conclude that he is guilty of one or more subsection 2507.02, the offense of being driving [sic] under suspension. * * *" (Tr. 8-9).
The trial court erred in taking judicial notice of the fact that appellant was under an FRA suspension at the time of the offense at issue. The trial court cannot infer that appellant violated R.C. 4507.02. The trial court must require appellee to rove all the elements of the offense. Appellee failed to prove an essential element of the offense, that being that appellant was driving in violation of an FRA suspension. Without actual proof of appellant's ERA suspension, the trier-of-fact could not reasonably conclude that appellee had sustained its burden of proof in establishing the elements of R.C. 4507.02 beyond a reasonable doubt. Reviewing the record as a whole, we find that the evidence was not sufficient to sustain appellant's conviction.
Appellant's sole assignment of error is found to be with merit.
The decision of the trial court is reversed and appellant is discharged.
DONOFRIO, J., concurs.
VUKOVICH, J., concurs.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE