The STATE of Ohio, Appellee,

v.

BRITTON; Sutton, Appellant.

[Cite as *State v. Britton* (1999), 135 Ohio App.3d 151.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–99–1129.

Decided Oct. 8, 1999.

*Julia R. Bates,* Lucas County Prosecuting Attorney, and *Jeffrey D. Lingo,* Assistant Prosecuting Attorney, for appellee.

*Bruce L. Drysdale,* for appellant.

Melvin L. Resnick, Judge.

This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, finding that appellant, Debra Sutton, is responsible for the towing and storage expenses incurred as the result of the seizure of her motor vehicle by the Toledo Police Department. Appellee is the state of Ohio.

On August 21, 1998, Sutton's boyfriend, Kenneth Britton, was arrested and charged with the offenses of rape, kidnaping, and possession of crack cocaine. The victim of the alleged kidnaping and rape claimed that Britton was driving Sutton's motor vehicle at the time of these offenses. Therefore, the Toledo Police Department seized, as evidence, not only the short pants that Britton was wearing at the time of the alleged crimes, but also Sutton's motor vehicle. Upon examination of the pants, the police discovered five grams of crack cocaine. This discovery led to the charge of possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(b), a felony of the fourth degree.

The victim later recanted her claims of kidnaping and rape, and these charges were dismissed. Britton entered a guilty plea on the remaining charge of possession of cocaine and was sentenced.

Sutton then filed a motion and supplemental motion, asking for the release of her vehicle with no imposition of a towing charge and storage fee. In support of her arguments, she cited R.C. 2933.41 and Crim.R. 26, as well as two unreported appellate cases in which the courts determined that the owners of the impounded motor vehicles were not responsible for such fees and charges. The state of Ohio filed a memorandum in opposition. Despite the absence of a transcript in the record of this case, some type of hearing was also held on this matter.

On March 23, 1999, the trial court filed a judgment entry noting that it had already ordered the release of Sutton's motor vehicle. As to the towing charge and storage fee, the court distinguished the two cases cited by Sutton, finding that the charges in those cases were dismissed as the result of misconduct on the part of the state or its agents. The court determined that the state of Ohio was an "innocent party" in this case and, as a result, Sutton could "pursue repayment for the towing fee and storage fee from the individual parties who caused the seizure of the motor vehicle and the subsequent conviction to occur."

Sutton appeals and sets forth the following assignment of error:

"The trial court erred in denying appellant's motion to require the state to pay vehicle storage charges."

Sutton contends that the trial judge focused on the wrong standard in determining her motion for release of her vehicle without payment of the towing charge and storage fee by basing her judgment on the theory that the state was

an "innocent" party. Sutton asserts that the appropriate inquiry is whether the owner of the vehicle is at fault.

As applicable to this case, R.C. 2933.41(A)(1)(a) requires a law enforcement agency that has "lawfully seized" property to keep it safely until such time as the property is no longer needed for evidence and to then dispose of it pursuant to the statute. R.C. 2933.41(A)(2)(a) requires the law enforcement agency to keep a record of the lawfully seized property. Finally, R.C. 2933.41(B) provides:

"A law enforcement agency that has property in its possession that is required to be disposed of pursuant to this section shall make a reasonable effort to locate the persons entitled to possession of the property in its custody, to notify them of when and where it may be claimed, and to return the property to them at the earliest possible time."

In *State v. Estep* (June 26, 1995), Ross App. No. 94CA2007, unreported, 1995 WL 392878, the defendant's motor vehicle and license plates were seized, pursuant to R.C. 4507.38(B)(1), for driving her motor vehicle while under a license suspension, a violation of R.C. 4507.02. The charges against her were dismissed because the state failed to provide court-ordered discovery. Estep then filed a motion for the release of her motor vehicle without payment of impound and storage charges. She also alleged that the seizure of her vehicle was an "unconstitutional taking." *Id.* The trial court considered only the constitutional issue and denied Estep's motion. *Id.*

On appeal, the Fourth District Court of Appeals found that R.C. 4507.38(D)(1)(c) mandates the return of the seized vehicle and license plates if the charge was dismissed for any reason. *Id.* As to storage and impound expenses, the court determined that the version of the statute in effect at that time did not "condition the release on the payment of any impound costs" for towing or storage. *Id.* The court reasoned that had the General Assembly intended for a defendant in a criminal action under R.C. 4507.02 to pay "these expenses under such circumstances, it would have provided for this in the statute."[1] Finding no statutory authority for the imposition of the expenses on the defendant, the court found that Estep was not liable for them. *Id.* The law set forth in *Estep* was approved and followed in *D & B Immobilization v. Dues* (1997), 122 Ohio App.3d 50, 54, 701 N.E.2d 32, 34 (also relying on the language of amended and harmonized R.C. 4507.38[F]).

In *State v. Cole* (July 21, 1992), Meigs App. No. 460. unreported, 1992 WL 174708, the Fourth District Court of Appeals considered a case in which the sole issue was liability for towing and storage expenses incurred as the result of

---

1. The legislature later amended the statute so that the vehicle owner could be, in the discretion of the trial court, assessed "removal and storage" costs. R.C. 4507.38(F).

impoundment of a motor vehicle. In that case, Mrs. Cole allowed her husband to use her car. As the result of a high speed chase involving Mrs. Cole's vehicle, her husband was arrested by an Ohio State Patrol Trooper. After the trooper found a live hand grenade in the automobile, he ordered it impounded. Mr. Cole was charged with unlawful possession of a dangerous ordnance. However, the hand grenade was destroyed during testing; consequently, the charge was subsequently dropped. Mrs. Cole requested the return of her vehicle without the imposition of towing and storage charges. The trial court granted her request and ordered Meigs County to pay the impoundment expenses. While the arguments raised in the appeal of *Cole* differ from those raised in this case and the court never alluded to R.C. 2933.41(B), the appellate court affirmed the judgment of the trial court.

We find the reasoning in *Estep* persuasive. Here, as in *Estep*, the law enforcement agency that seized the property "is required * * * to return the property * * * at the earliest possible time." R.C. 2933.41(B). As in the former version of R.C. 4507.38, R.C. 2933.41(B) does not contain any mandate imposing storage and towing fees on the person who is entitled to possession of the property, in this case, a motor vehicle. Therefore, we conclude that when, as here, the criminal charges related to the use of the lawfully seized motor vehicle are dismissed and the person entitled to possession of the vehicle is an innocent third party, that person is not liable for the expenses of towing and storage of the motor vehicle.[2] Accordingly, Sutton's sole assignment of error is found well taken.

The judgment of the Lucas County Court of Common Pleas is reversed as to the imposition of a towing charge and storage fee on Debra Sutton. Her motor vehicle was, and is, subject to immediate release. Appellee, the state of Ohio, is ordered to pay the costs of this appeal.

*Judgment reversed.*

HANDWORK, P.J., and PIETRYKOWSKI, J., concur.

---

[2]. In the present case, liability for such expenses are a matter between the Toledo Police Department (and/or the city of Toledo) and the third-party towing and storage company with whom it contracted to provide those services. See *D & B Immobilization v. Dues,* 122 Ohio App.3d at 55, 701 N.E.2d at 35; *State v. Estep, supra.*