[Cite as *State v. Saunders*, 2015-Ohio-3535.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 14-CA-57 |
| ROBYN SAUNDERS | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Fairfield County
Municipal Court, Case No. 14-TRD-11552


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      August 28, 2015


APPEARANCES:

For Plaintiff-Appellant

DANIEL COGLEY
Assistant City Prosecutor
Lancaster City Law Director's Office
123 E. Chestnut Street
Lancaster, OH 43016

For Defendant-Appellee

THOMAS ELWING
60 West Columbus Road
Pickerington, OH 43147-1256

*Gwin, P.J.*

{¶1} Appellant, the State of Ohio, appeals the September 25, 2014 judgment entry of the Fairfield County Municipal Court ordering the state to pay the fees associated with the impound of the appellee, Robyn Saunders', vehicle.

*Facts and Procedural History*

{¶2} On September 20, 2014, Officer Howell of the Lancaster Police Department issued a traffic citation for operating a vehicle with fictitious license plates in violation of R.C. 4549.03, driving under an FRA suspension in violation of R.C. 4510.16, and driving under a non-compliance suspension in violation of R.C. 4510.11. Additionally, in the remarks section of the traffic citation, Officer Howell noted "THREE PRIOR DRIVING & FRA."

{¶3} On September 25, 2014, at arraignment, Saunders entered a plea of guilty to each charge. Rather than proceed directly to sentencing, the trial court asked Saunders to meet with an assistant prosecutor to obtain a sentencing recommendation. [Tr. 4] Saunders, who was not represented by counsel, then met with an assistant prosecutor and negotiated a plea agreement for the dismissal of two charges and the reduction of the remaining charge to an unclassified misdemeanor. There is no transcript of these plea negotiations, which were apparently conducted off the record. The record does contain, however, a written file-stamped plea agreement signed by both Saunders and an assistant prosecutor.

{¶4} The written plea agreement specified that Saunders would plead guilty to a violation of R.C. 4510.16 as an unclassified misdemeanor. Under the terms of the agreement, the prosecutor would move to dismiss the remaining charges and make a

sentencing recommendation to the trial court for a fine of $150 plus costs. The trial court stated the terms of the agreement on the record and advised Saunders that the unclassified misdemeanor carried maximum possible penalties of a $1,000 fine and 500 hours of community service. Saunders acknowledged that she understood the possible penalties and that she wished to continue with her guilty plea on the reduced charge.

{¶5}   Before sentence was imposed, Saunders informed the trial court that the Lancaster Police Department had impounded her automobile and inquired if she would be able to get the car out of impound. Over the objection of the city prosecutor, the trial court issued an order imposing all storage and removal costs associated with the impoundment of Saunders' vehicle be paid by the Lancaster Police Department. The trial court instructed the city prosecutor to file a motion to reconsider with an attached brief discussing the applicable law. The state filed a motion to reconsider, which was summarily denied by the trial court.

*Assignments of Error*

{¶6}   "I. THE TRIAL COURT ERRED IN IMPOSING REMOVAL AND STORAGE COSTS STEMMING FROM THE IMPOUNDMENT OF APPELLEE'S VEHICLE.

{¶7}   "II. THE TRIAL COURT ERRED IN FINDING APPELLEE'S VEHICLE WAS UNLAWFULLY IMPOUNDED."

*Analysis*

{¶8}   The states' two assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶9} The state argues that Saunders' vehicle was lawfully impounded and the trial court did not have the authority to order the Lancaster Police Department to bear all the costs associated with the impoundment of the vehicle.

{¶10} "A person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure of property by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return." R.C. 2981.03(A)(4). Where property is lawfully seized and is in the custody of a law enforcement agency, R .C. 2981.11(A) requires the agency to safely keep the property until it is no longer needed as evidence or for another lawful purpose and can be disposed of pursuant to statute. However, the statutes are silent on who must pay the fees incurred because of the seizure and storage of the vehicle.

{¶11} R.C. 4513.61 provides that "[t]he sheriff of a county or chief of police* * * or a state highway patrol trooper * * * may order into storage any motor vehicle* * * that has come into possession of the sheriff, chief of police, or state highway patrol trooper as a result of the performance of the [officer's] duties or that has been left on a public street or other property open to the public for purposes of vehicular travel * * *."

{¶12} "A vehicle may be impounded when 'it is evidence in a criminal case, used to commit a crime, obtained with funds derived from criminal activities, or unlawfully parked or obstructing traffic; or if the occupant of the vehicle is arrested; or when impoundment is otherwise authorized by statute or municipal ordinance.' " *State v. Huddleston*, 173 Ohio App.3d 17, 2007-Ohio-4455, 877 N.E.2d 354, ¶ 14 (10th Dist.), *quoting State v. Taylor*, 114 Ohio App.3d 416, 422, 683 N.E.2d 367 (2nd Dist.1996). (Other citations omitted.)

{¶13}  Ordinance 303.08 of the Codified Ordinances of Lancaster, Ohio provides in relevant part,

### 303.08 IMPOUNDING OF VEHICLES; REDEMPTION.

(a) Police officers are authorized to provide for the removal of a vehicle under the following circumstances:

* * *

(9) When any vehicle has been operated by any person who is driving without a lawful license or while his license has been suspended or revoked and is located upon a public street or other property open to the public for purposes of vehicular travel or parking.

{¶14}  Under R.C. 4510.41(A)(1) an arrested person is defined as "a person who is arrested for a violation of section 4510.14 [driving under OVI suspension] or 4511.203 [wrongful entrustment of a motor vehicle] of the Revised Code, or a municipal ordinance that is substantially equivalent to either of those sections, and whose arrest results in a vehicle being seized under division (B) of this section." Under R.C. 4511.195(A)(1), an arrested person is defined as "a person who is arrested for a violation of division (A) of section 4511.19 of the Revised Code or a municipal OVI ordinance and whose arrest results in a vehicle being seized under division (B) of this section."

{¶15}  But where a valid arrest has not been made for one of the listed offenses, both statutes contain the following identical provision at R.C. 4510.41(D)(5) and R.C. 4511.195 (D)(4):

If the impound of the vehicle was not authorized under this section, the court shall order that the vehicle and its license plates be

returned immediately to the arrested person or, if the arrested person is not the vehicle owner, to the vehicle owner, and shall order that the state or political subdivision of the law enforcement agency served by the law enforcement officer who seized the vehicle pay all expenses and charges incurred in its removal and storage.

{¶16} In the case at bar, the trial court found that Saunders had pulled into a private church parking lot when stopped by Officer Howell. (T. at 8; 9; 10). The trial court concluded,

> I don't think the vehicle could have, I don't think it appropriate. I'm struggling with this, Mr. Cogley, because I don't think there was a reason to tow the vehicle on [private property]
>
> * * *

T. at 12.

{¶17} No evidence was presented that the vehicle was illegally parked on property open to the public or that the vehicle obstructed traffic. R.C. 4513.61. No evidence was presented that Saunders desired it to be towed for safekeeping or could not have called a relative or a friend to remove the vehicle.

{¶18} In the instant case, the non-compliance suspension in violation of R.C. 4510.11 and the use of unauthorized plates in violation of R.C. 4549.03 were dismissed as part of a negotiated plea agreement with the state. Saunders was not convicted nor did she plead guilty to any offense that would justify impoundment of her vehicle under R.C. 4510.41 or Codified Ordinance 303.08. There was no evidence that the payment of the towing and storage charges was a condition of her plea. She was entitled, therefore,

to the immediate release of the vehicle without imposition of the towing or immobilization charges. *D&B Immobilization Corp. v. Dues,* 122 Ohio App.3d 50, 55, 701 N.E.2d 32(8th Dist. 1997). *Accord, Dayton Police Department v. Grigsby*, 2nd Dist. No. 23362, 2010-Ohio-2504, ¶16.

**{¶19}** In any event, if Saunders were not liable for the storage and towing costs, it would seem a matter of contract law between the third party towing company and the entity with whom it contracted to provide those services (*i.e.* the state or one of its subdivisions). *D&B Immobilization Corp. v. Dues,* 122 Ohio App.3d at 55. *But see, Foster v. Bureau of Motor Vehicles,* Ohio Court of Claims, Case No. 2003001539-AD, 2003-Ohio-2622(Bureau of Motor Vehicles is not liable for immobilization fees paid by a motorist under circumstances where that motorist is initially charged with driving under suspension (DUS) and the charge is later dismissed.").

*Conclusion*

**{¶20}** Because Saunders was not arrested for a violation of R.C. 4510.14 [driving under an OVI suspension] or R.C. 4511.203 [wrongful entrustment of a motor vehicle] the impoundment was not authorized under R.C. 4510.41. Saunders was not convicted nor did she plead guilty to any offense that would justify impoundment of her vehicle under Codified Ordinance 303.08 or R.C. 4511.195(A). The state did not make payment of storage and towing costs a part of the negotiated plea agreement with Saunders.

**{¶21}** The trial court determined that the impoundment was not authorized or lawful; accordingly, the trial court did not err in ordering the Lancaster Police Department to bear all the costs associated with the impoundment of the vehicle.

**{¶22}** Appellant's first and second assignments of error are overruled.

**{¶23}** The judgment of the Fairfield County Municipal Court is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur