[Cite as *State v. Sorensen*, 2023-Ohio-2121.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF PAINESVILLE,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>SHAWN M. SORENSEN,<br><br>Defendant-Appellant. | **CASE NOS. 2022-L-093**<br>**2022-L-094**<br><br>Criminal Appeals from the<br>Painesville Municipal Court<br><br>Trial Court Nos. 2022 CRB 00930<br>2022 CRB 00952 |

**O P I N I O N**

Decided: June 26, 2023
Judgment: Affirmed

*Joseph Hada*, Painesville City Prosecutor, 1392 SOM Center Road, Mayfield Heights, OH 44124 (For Plaintiff-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Shawn M. Sorensen, appeals the sentencing entries issued after the trial court found him guilty of violating a protection order in two separate cases. We affirm.

{¶2} In 2022, Sorensen was charged in each of two cases with violating a protection order, a misdemeanor of the first degree, in violation of R.C. 2919.27, following allegations that he had sent electronic communications and physical mail to the victim, with whom he was not permitted contact pursuant to the terms of a then existing protection

order. Both cases proceeded to bench trial separately on the same date. The trial court found Sorensen guilty and sentenced him to 180 days of confinement in each case, to be served consecutively, and imposed a fine of $100.00 in each case.

{¶3} In his sole assigned error, Sorensen argues:

{¶4} "The trial court erred when it admitted State's Exhibit 5, the Protection Order, by and through judicial notice."

{¶5} Although Sorensen noticed an appeal from each of the two separate cases, Sorensen's argument that Exhibit 5 was improperly admitted through judicial notice pertains to Case No. 22CRB00930.[1] The charge in that case arose from the victim's report that Sorensen had contacted her through text-messaging and an app service used by the jail while a protection order was in place preventing him from contacting her. Sorensen does not challenge admission of the protection order in Case No. 22CRB00952. We limit our discussion accordingly.

{¶6} Evid.R. 201 governs judicial notice of adjudicative facts, and provides:

> **(A) Scope of Rule.** This rule governs only judicial notice of adjudicative facts; i.e., the facts of the case.
>
> **(B) Kinds of Facts.** *A judicially noticed fact must be one not subject to reasonable dispute in that* it is either (1) generally known within the territorial jurisdiction of the trial court or *(2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.*
>
> **(C) When Discretionary.** A court may take judicial notice, whether requested or not.

---

1. The protection order was marked as "Exhibit 5" in this case and "Exhibit 4" in Case No. 22CRB00952. However, although the remaining exhibits were transmitted with the record and transcript on appeal, the copies of the protection orders that were submitted as exhibits were not included. We cannot discern the reason for their removal from the exhibits, but they are unnecessary to our discussion.

Case Nos. 2022-L-093 and 2022-L-094

**(D) When Mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.

**(E) Opportunity to Be Heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

**(F) Time of Taking Notice.** Judicial notice may be taken at any stage of the proceeding.

**(G) Instructing Jury.** In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

{¶7} Here, Sorensen challenges the trial court's taking of judicial notice of the protection order that he was charged with violating. Prior to the court stating that it would take judicial notice of the protection order, the protection order was discussed during the state's questioning of an officer and of the victim. On direct examination, the officer testified that he was dispatched to speak to the victim following her report of receiving text and app messages from Sorensen. The officer then went to the jail, where he attempted to speak with Sorensen; however, Sorensen invoked his right to counsel. Thereafter, the officer maintained that he requested to have "some records" pulled for him at the jail prior to completing his investigation.

{¶8} On cross-examination, the officer affirmed that he did not see Sorensen type the messages that the victim received, and he did not know what language Sorensen might use.

{¶9} On redirect examination of the officer, the following exchange occurred:

BY [THE STATE]:

3

Q       Officer, you've -- you understand Mr. Sorensen speaks English, correct?

A       Correct.

Q       All right. And you did check and confirm that the protection order -- that there was a protection order in place, correct?

A       Correct.

Q       And that protection order was in English, as well?

A       Correct.

(State's Exhibit 5 marked for identification.)

BY [THE STATE]:

Q       All right, I'm showing you what's been marked as State's Exhibit 5. That is the order of protection in this case. Did you pull that in regards to your investigation?

A       I did.

Q       And did you have it certified?

A       Yes.

Q       And that is in English, correct?

[DEFENSE COUNSEL]: If I may object, this wasn't addressed during my cross, and it should be limited to what we questioned, beyond the protection order.

THE COURT: The question was asked about what language he would communicate in.  Clearly he --

[DEFENSE COUNSEL]: We didn't address the language of the protection order.

[THE STATE]: (Inaudible.)

4

[DEFENSE COUNSEL]: Was he aware of the language of the messaging that is supposedly from Mr. Sorensen, not whether or not that language came from him.

THE COURT: I guess I'm not -- I don't know if it was meaning the language, meaning the way he would write, or the way he would sound, or was it English language. I could see where the State may have -- I'll let -- I'll overrule the objection for what it is. But stay within that --

[DEFENSE COUNSEL]: Your Honor, our objection is, though, that the protection order hadn't come up, as far as any questioning. So that's what my concern is.

THE COURT: I mean, the protection order came from this Court, right?

[DEFENSE COUNSEL]: It did. But it did not come from any of the questioning that was made.

THE COURT: Sure, I understand.

[DEFENSE COUNSEL]: I'm just saying that Mr. Sorensen is being (inaudible).

THE COURT: Okay. All right. Overruled. But then, obviously, you're limited on the cross of that.

[THE STATE]: No further questions, Your Honor.

{¶10} During the victim's testimony, she affirmed that she had obtained a protection order against Sorensen, of which she had a copy. The victim testified that the state's Exhibit 5 was a true and accurate copy of the protection order she received.

{¶11} After the victim's testimony, the state moved to admit its exhibits. Thereafter, the defense objected, and the following discussion ensued:

[DEFENSE COUNSEL]: Your Honor, I would just have a brief objection, I think, on the protection order, just because I believe -- and I believe foundation wasn't established by [the victim] and discussed to make it appropriate for it to be admitted as evidence.

5

THE COURT: Well, what about the fact that the Court could take judicial notice of his own order?

[THE STATE]: We would request that.

[DEFENSE COUNSEL]: Your Honor, I do -- so (inaudible).

[DEFENDANT]: (Inaudible.)

THE COURT: Go ahead, [defense counsel].

[DEFENSE COUNSEL]: Your Honor, if I can address this. Judicial notice is not enough to admit a protection order into (inaudible) certified copy.

THE COURT: How about my -- the fact it's my own order? Right? Is that (inaudible) of somebody else's order?

[THE STATE]: It is a certified copy and has been identified by two witnesses.

THE COURT: Okay. I understand. Go ahead, Mister -- I'm interested in --

[DEFENSE COUNSEL]: (Inaudible) the remaining of our objection would be with the officer, is that it was used not as showing the existence of the TPO, but as to show that Mr. Sorensen didn't understand the English language.

THE COURT: Your case law, though, does that address --

[DEFENSE COUNSEL]: Yeah, it addresses -- I don't know if it addresses when the order is from --

[DEFENDANT]: (Inaudible.)

[DEFENSE COUNSEL]: In the City of Cleveland v. Doan, basically the court required that it had to be certified for proper identification to enter into evidence. It also went into judicial notice not being enough. In that case, the City had requested the trial court take notice, judicial notice of a photocopy of a protection order that was already signed by the defendant at the time. Counsel at that time had objected and saying the law requested a certified copy. The City countered that the judicial notice was perfect because the protection order in the file was identified by parties to the action.

6

Case Nos. 2022-L-093 and 2022-L-094

[THE STATE]: So that would be certified.

THE COURT: Yeah. Yeah, I guess the Court is going to take a judicial notice of its own order. The order came out of this Court, signed by -- by me, with the -- it is maintained in the clerk's office, that is appointed by and sworn in by myself.

So we'll take judicial notice of the May 16, 2022 order, just as much the Court will take judicial notice of the fact that when the indictment was no billed and came back, the Court then removed that order on August 24th of 2022, as well.

(Sic. throughout.)

{¶12} Based upon the trial court's statement that it was taking judicial notice of the protection order, Sorensen relies on *Cleveland v. Boone*, 8th Dist. Cuyahoga No. 105762, 2018-Ohio-849 and *Diversified Mtge. Investors, Inc. v. Athens Cty. Bd. of Revision*, 7 Ohio App.3d 157, 159, 454 N.E.2d 1330 (4th Dist.1982), in support of his argument that "[a] court may not take judicial notice of prior proceedings in the court but may only take judicial notice of the proceedings in the immediate case." *Diversified Mtge.* at 159.

{¶13} "However, '"[i]t is axiomatic that a trial court may take judicial notice of its own docket"—including the docket in a separate case.'" *DiVincenzo v. DiVincenzo*, 11th Dist. Lake No. 2022-L-014, 2022-Ohio-4457, ¶ 16, quoting *Pollard v. Elber*, 2018-Ohio-4538, 123 N.E.3d 359, ¶ 4 (6th Dist.), quoting *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994). In *DiVincenzo*, this court addressed the apparent discrepancy between the principles established in case law that "(1) a court may take judicial notice of its docket in [a] separate case, and (2) a court is precluded from taking notice of prior 'proceedings' in a separate case * * *." *DiVincenzo* at ¶ 16. We concluded that "a court may take judicial notice of the existence of a judgment entry issued in a separate case, but it may not take judicial notice of facts underlying the entry."

7

Case Nos. 2022-L-093 and 2022-L-094

*Id.* at ¶ 18. *See also Dowhan v. Dowhan*, 11th Dist. Lake No. 2012-L-065, 2013-Ohio-4097, ¶ 19, *overruled on other grounds by DiVincenzo* at ¶ 28 ("We *need not notice the underlying factual basis for the protection order, since it is the fact of the protection order and its terms* which preclude the possibility of Terrance exercising visitation with his children. (Emphasis added.)). *But see Dombelek v. Ohio Bur. of Workers' Comp.,* 154 Ohio App.3d 338, 2003-Ohio-5151, 797 N.E.2d 144, ¶ 26 (7th Dist.), citing *D & B Immobilization Corp. v. Dues*, 122 Ohio App.3d 50, 701 N.E.2d 32, 33 (8th Dist.1997) ("a trial court may not take judicial notice even of its own judgment entries in another case"); and *Phillips v. Rayburn*, 113 Ohio App.3d 374, 680 N.E.2d 1279, 1282 (4th Dist.1996) ("the trial court lacked the authority to take judicial notice of its own records in another case"). We further noted this distinction is consistent with Evid.R. 201(B), "in that the existence of a judgment entry in [a] separate case before the trial court is 'not subject to reasonable dispute in that it is * * * capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *DiVincenzo* at ¶ 18. Therefore, pursuant to this court's precedent, the existence and terms of the protection order previously entered that appear on the court's own docket may be judicially noticed by the court that issued the protection order.

{¶14} Accordingly, Sorensen's sole assigned error lacks merit.

{¶15} The judgments of the trial court are affirmed.


JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

8

Case Nos. 2022-L-093 and 2022-L-094